**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| TAMIA BANKS, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 4:20-cv-01227 |
| COTTER CORPORATION, (N.S.L.), et al., | ) | |
| Defendants. | ) | |
| | ) | |
| ------------------------------------------------------ | | |
| | ) | |
| COTTER CORPORATION, (N.S.L.), | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MALLINCKRODT LLC, et al. | ) | |
| Third-Party Defendants. | ) | |
| ------------------------------------------------------ | | |

**LANDFILL DEFENDANTS' MOTION TO DISMISS
COTTER CORPORATION, (N.S.L.) THIRD-PARTY PETITION
AND MEMORANDUM IN SUPPORT**

**I.    Introduction**

Cotter Corporation, (N.S.L.) ("Cotter") has filed a Third-Party Petition purporting to

bring a claim for contribution against various entities.  Among them are Movants Bridgeton

Landfill, LLC ("Bridgeton") (on its own behalf and as the merger successor of West Lake

Landfill, Inc. and the merger successor of Rock Road Industries, Inc.); Republic Services, Inc.

("Republic"); and Allied Services, LLC ("Allied") (collectively characterized by Cotter as,

"Landfill Defendants").  The Third-Party Petition seeks contribution from Landfill Defendants;

however, it fails to make a cognizable claim under Missouri law because Landfill Defendants are

not originally liable to Plaintiffs.  Cotter's claims are not proper as a third-party claim because

the allegations are not grounded in Cotter's own liability to Plaintiffs.  Thus, the Third-Party Petition must be dismissed.

## II.   <u>Legal Standards</u>

Federal Rule of Civil Procedure 8(a) requires a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of the Rule is to give a defendant fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

For a complaint to survive a motion to dismiss under Rule 12(b)(6), its facts, accepted as true, must state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570. Facial plausibility requires a plaintiff to do more than simply state legal conclusions or recite the elements of a cause of action in boilerplate fashion. See *id*. at 555.  The Court need not credit bare legal conclusions unsupported by factual underpinnings. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Under Missouri law, "[t]o maintain an action for contribution, both the party seeking contribution and the defendant against whom contribution is sought must be ... tortfeasor[s], originally liable to the plaintiff-injured party." *Gramex Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 442 (Mo. 2002) (internal quotation omitted).  "Inherently, the right of contribution is based on proportionately dividing the plaintiff's overall damage figure according to the parties' degrees of fault." *Union Elec. Co. v. Metro. St. Louis Sewer Dist.*, 258 S.W.3d 48, 54–55 (Mo. 2008).

A third-party action may only be filed against a nonparty who is or may be liable to the defending party for all or part of the plaintiff's claim against the defending party. Fed. R. Civ. P.

14(a)(1). *See also* Mo. Sup Ct. R. 52.11(a); *Martin v. Schwab*, No. CIV.A.91-5059-CVSW-1, 1992 WL 296531, at *12 (W.D. Mo. Aug. 11, 1992) (describing Rule 52.11 as "the codification of Rule 14").

"[A] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003) (quoting *Stewart v. American Internat'l Oil & Gas Co.,* 845 F.2d 196, 199 (9th Cir.1988)).  In *Mattes*, 323 F.3d at 699, the Eighth Circuit affirmed dismissal of a third-party action which did not rest on liability from the main claim. "[T]hird-party practice under Rule 14 enables a party to avoid the costs and pitfalls associated with litigating multiple suits on the same subject matter, and the attendant possibility of inconsistent verdicts, which are not insubstantial or abstract." *Heubel Materials Handling Co. v. Universal Underwriters Ins. Co.*, 704 F.3d 558, 565 (8th Cir. 2013) (internal quotation omitted). However, "Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim." *Mattes*, 323 F.3d at 698 (quoting *United States v. Olavarrieta,* 812 F.2d 640, 643 (11th Cir.1987)).  *See also Stemley v. Downtown Med. Bldg., Inc.*, 762 S.W.2d 43, 47–48 (Mo. 1988) (dismissal is appropriate if third-party petition does not save time and cost and involve identical or similar evidence); *State ex rel. Green v. Kimberlin*, 517 S.W.2d 124, 127 (Mo. 1974) ("If the liability of the third-party defendant is not dependent on the liability of the third-party plaintiff, the claim would not come within the provision of Rule 52.11.").

### III.   The Contribution Claim Must be Dismissed Because Landfill Defendants Are Not Originally Liable to Plaintiffs

Given that Missouri law as announced in *Gramex*, 89 S.W.3d at 442, dictates that a third-party defendant must be liable to the original plaintiff, our analysis must start with Plaintiffs' claims.  Plaintiffs' case alleges property damage and personal injury due to contamination of Coldwater Creek in north St. Louis County. **Exhibit 1** Second Amended Class-Action Petition ("SAP").  The case centers on the Creek.  *See id.* ¶¶ 2, 4, 15, 84-91.  Each named Plaintiff is alleged to own property adjacent to Coldwater Creek, within the Coldwater Creek FEMA 100-year floodplain.[1] *Id*. ¶¶ 18-25.  Plaintiffs purport to bring a class action on behalf of all citizens who own or reside on property within the FEMA 100-year flood plain of the Creek. *Id*. ¶ 32.  Both the proposed property damage subclass and the medical monitoring subclass are defined, in part, by the geographic boundary of the FEMA 100-year floodplain. *Id*. ¶¶ 35, 36.  Each first-party defendant's alleged liability stems from their alleged involvement in movement or storage of waste near Coldwater Creek and the floodplain. *Id*. 29, 69, 72, 80, 83, 87-91.  FEMA's 100-year floodplain and the named Plaintiffs' alleged properties are illustrated below:[2]

---

[1] A "floodplain" is "Any land area susceptible to being inundated by floodwaters from any source." https://www.fema.gov/flood-insurance/terminology-index

A "regulatory floodway" is the channel of a river and adjacent land areas that must be reserved in order to discharge the base flood without cumulatively increasing the water surface elevation more than a designated height (https://www.fema.gov/flood-insurance/terminology-index), i.e. what is generally thought of as the waterbody's normal channel.

[2] Each of the depictions on this image is taken from information alleged in the Second Amended Class-Action Petition, ¶¶ 2, 18-25, 32, p. 11 n. 1, 35, 36.



When viewed against Cotter's Third-Party Petition, it is clear the allegations made against Landfill Defendants have no relationship to Plaintiffs' claims.  Cotter makes the conclusory allegation that each Landfill Defendant "owed Plaintiffs a duty as alleged in the Second Amended Class-Action Petition." **Exhibit 2** Third-Party Petition ("TPP") ¶¶ 86, 94, 102, 110, 118.  Cotter does not point to any fact allegation in the Second Amended Class-Action Petition for this assertion.  In fact, there is no allegation there to support Cotter's claim.  None of the Landfill Defendants is mentioned in the Second Amended Class-Action Petition.  The word "landfill" is not found once in Plaintiffs' pleading, to say nothing of Cotter's statement that Plaintiffs developed an allegation of a legal duty owed by Landfill Defendants.  Thus, the Court can and should disregard this conclusory and unsupported allegation.

Cotter's allegations against Landfill Defendants have no relationship to Plaintiffs' claims. Nothing in the Third-Party Petition relates to Coldwater Creek, its 100-year floodplain, movement of the radioactive material alleged by Plaintiffs in any area that could have impacted

the Creek or its floodplain, or any of the other claims in the Second Amended Class-Action Petition.

Cotter did not plead facts showing Landfill Defendants caused Plaintiffs' alleged damages because they have no such facts to plead.  The allegations in the Second Amended Class-Action Petition and Cotter's Third-Party Petition demonstrate why Landfill Defendants have no role in this lawsuit.  Cotter makes allegations regarding radioactive waste at West Lake Landfill, a subsurface heat-generating reaction and leachate. TPP ¶¶ 48-67.  The alleged existence of radioactive waste at the West Lake Landfill has nothing to do with Plaintiffs' allegations regarding contamination into Coldwater Creek and its floodplain.  Neither the subsurface reaction nor leachate at the Landfill is related, logically could be related, or is even *alleged* to relate to Plaintiffs' underlying case.  The Third-Party Petition never connects Landfill Defendants' alleged actions to Plaintiffs' claimed injury.

The Landfill is located at 13570 St Charles Rock Road Bridgeton, Missouri.  As depicted above, this is a long way west-southwest of the named Plaintiffs and the proposed class area. *See* SAP ¶¶ 18-25, 35, 36.  By contrast, Coldwater Creek is alleged to flow from south of the St. Louis Lambert Airport, continue northeasterly, and discharge into the Missouri River north of Black Jack. *Id.* ¶¶ 84, 89.  The Creek is never alleged to run through or within miles of the Landfill.  In truth, it does not.  As seen in the photo above, the Landfill is neither in the Creek's path nor its 100-year floodplain. It is miles distant.

Because the Landfill has no relation to Coldwater Creek or its floodplain, which Plaintiffs allege caused them injuries, there is no logical or plausible manner to connect Landfill Defendants to Plaintiffs' case.  Geography simply does not support Cotter's claim.

6

IV.     **The Third-Party Petition Should be Dismissed Because Landfill Defendants Are Not Liable to Cotter for Plaintiffs' Claim**

Not only are Landfill Defendants not subject to contribution because they are not liable to Plaintiffs, they are also not the proper subject of a third-party petition because they are not liable to Cotter for Plaintiffs' claim. *See* Fed. R. Civ. P. 14 (third-party petition may only be filed against a party who is or may be liable to the defending party for all or part of the claim against it).  Given the Third-Party Petition does not depend upon Cotter's liability to Plaintiffs, dismissal is appropriate. *See Mattes*, 323 F.3d at 699.

The allegations in the Third-Party Petition have no relationship to Plaintiffs' allegations against Cotter.  Plaintiffs' claims against Cotter are based on Cotter's ownership and movement of radioactive material near Coldwater Creek and its floodplain. SAP ¶¶ 69, 72, 87-91.  By contrast, Cotter's claims against Landfill Defendants are based on them accepting waste at a landfill far from the Creek and its floodplain *after* Cotter's alleged movement of waste. TPP ¶¶ 48-67.  Cotter's alleged liability to Plaintiffs is independent of the claims Cotter makes against Landfill Defendants.  Said another way, Cotter can be liable to Plaintiffs without Landfill Defendants' alleged actions being implicated in any manner.

In an attempt to connect the Third-Party Petition to Plaintiffs' claims, Cotter offers only the unsupported allegation that any damages assessed against Cotter "were caused, in whole or in part, by the conduct, fault, acts, carelessness, omissions, and negligence of [Landfill Defendants], thereby barring any such recovery against Cotter." TPP ¶¶ 89, 97, 105, 113, 121.  This conclusory allegation lacks any articulated basis.  Nowhere in the Third-Party Petition does Cotter connect its claims against Landfill Defendants to Plaintiffs' allegations against Cotter.  There is no duplicate evidence or overlapping information between Plaintiffs' claims and Cotter's action.  Without such overlap, Cotter's allegations cannot be brought in a third-party

action.  Like the third-party claim dismissed in *Mattes*, 323 F.3d at 698, Cotter "alleges no coherent legal theory under which" Landfill Defendants could be liable to Cotter for Plaintiffs' claims against Cotter.

Because the Third-Party Petition is based on facts and evidence wholly separate from Plaintiffs' claims, and not grounded in Cotter's own liability, it is improper as a third-party claim and should be dismissed.

## V.  <u>Conclusion</u>

Cotter's Third-Party Petition against Landfill Defendants fails to plead facts supporting an actionable third-party claim for contribution.  Both a contribution claim and a third-party petition require causal relationships that Cotter has failed to plead.  As a contribution claim, the action fails because Cotter does not allege that Landfill Defendants are originally liable under Plaintiffs' allegations.  As a third-party claim, Cotter's filing fails given Landfill Defendants' alleged liability does not originate from Plaintiffs' underlying allegations against Cotter.  As there is no connection between Landfill Defendants and Plaintiffs' case, Cotter's claims must be dismissed.

WHEREFORE, Bridgeton Landfill LLC (on its own behalf and as the merger successor of West Lake Landfill, Inc. and the merger successor of Rock Road Industries, Inc.); Republic Services, Inc.; and Allied Services, LLC respectfully request the Court grant this Motion, dismiss Cotter Corporation, (N.S.L.)'s Third-Party Petition against them, and grant such other relief the Court deems just and proper.

Dated:  September 17, 2020                    Respectfully submitted,

                                      Lathrop GPM LLP

                                      */s/ Patricia Lehtinen Silva*
                                      Lathrop GPM LLP
                                      William G. Beck        # 26849MO
                                      Allyson E. Cunningham # 64802MO
                                      2345 Grand Boulevard, Suite 2200
                                      Kansas City, Missouri 64108-2618
                                      Telephone:  (816) 292-2000
                                      Telecopier:  (816) 292-2001
                                      william.beck@lathropgpm.com
                                      allyson.cunningham@lathropgpm.com

                                      Patricia Lehtinen Silva          # 67213MO
                                      Pierre Laclede Center
                                      7701 Forsyth Boulevard, Suite 500
                                      Clayton, Missouri 63105
                                      Telephone:     (314) 613-2800
                                      Telecopier:     (314) 613-2801
                                      patricia.silva@lathropgpm.com
                                      **Attorneys for Bridgeton Landfill, LLC;**
                                      **Republic Services, LLC; and Allied**
                                      **Services, LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 17th day of September 2020 the foregoing was filed via the Court's CM/ECF system, which will automatically serve an electronic copy up upon all counsel of record.

                                      */s/ Patricia Lehtinen Silva*