IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAMIA BANKS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COTTER CORPORATION, COMMONWEALTH EDISON COMPANY, EXELON CORPORATION, EXELON GENERATION COMPANY, LLC, DJR HOLDINGS, INC, AND ST. LOUIS AIRPORT AUTHORITY, A DEPARTMENT OF THE CITY OF ST. LOUIS,<br><br>Defendants.<br><br>COTTER CORPORATION (N.S.L.)<br><br>Third-Party Plaintiff<br><br>v.<br><br>MALLINCKRODT LLC, EVERZINC USA INC., BRIDGETON LANDFILL, LLC, REPUBLIC SERVICES, LLC, ALLIED SERVICES, LLC WESTLAKE LANDFILL, INC., and ROCK ROAD INDUSTRIES, INC.,<br><br>Third-Party Defendants | Civil Action No. 4:20-CV-01227 |

## PLAINTIFFS' MOTION TO SEVER AND REMAND ALL NON-THIRD-PARTY CLAIMS

COME NOW Plaintiffs, pursuant to 28 U.S.C. § 1367(c), and move this Court to decline

exercise of supplemental jurisdiction over Plaintiffs' state law claims and sever and remand

Plaintiffs' claims to the Circuit Court of St. Louis County from where it was removed.

1

1.      Plaintiffs initially filed this case on February 18, 2018 in St. Louis County Circuit Court for violations of Missouri state law and the Missouri Constitution for loss and damage to Plaintiffs' property.

2.      On April 18, 2018, Defendant Cotter Corporation removed this case asserting that the Price Anderson Act ("PAA") preempted Plaintiffs' state law claims.

3.      On March 29, 2019, this Court remanded, finding that no federal subject matter jurisdiction existed over Plaintiffs claims.

4.      After remand, a Motion to Dismiss was filed by Cotter again claiming preemption under the PAA and that the state law claims were not sufficiently pleaded. Further, Defendants, Commonwealth Edison, Exelon Corporation and Exelon Generation sought dismissal for lack of personal jurisdiction.

5.      Before hearing on the Motions to Dismiss, Plaintiffs filed a Second Amended Petition.  In the Second Amended Petition, Plaintiffs again pleaded only state law causes of action.

6.      At the hearing on the Motions to dismiss held on March 31, 2020, St. Louis County Circuit Court Judge Joseph Walsh III ruled Plaintiffs were entitled to jurisdictional discovery with respect to Commonwealth Edison, and granted Plaintiffs leave to file their Third Amended Petition once jurisdictional discovery concluded.  Judge Walsh further ruled that Plaintiffs were entitled to conduct discovery with all other defendants on all issues. This discovery continues, as Cotter produced over 17,000 pages of documents to Plaintiffs.

7.      Yet, after Judge Walsh's ruling on the Motions to Dismiss, on June 30, 2020, Cotter Filed a Third-Party Petition seeking Missouri based contribution from a number of third-party defendants, including Mallinckrodt LLC.

2

8.      On September 10, 2020, Mallinckrodt removed this matter to this Court arguing they are entitled to removal under the federal officer removal statute found in 28 U.S.C. § 1442 and that the PAA preempts Cotter's state law contribution claim and Plaintiffs' underlying claims.

9.      On October 11, 2020, Mallinckrodt filed for Chapter 11 Bankruptcy.

10.     This Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law causes of action because they "substantially predominate" over the claim over which this Court has original jurisdiction. 28 U.S.C. § 1367(c)(2).

11.     Additionally, this Court should also decline to exercise supplemental jurisdiction over Plaintiffs' state law causes of action because the facts of this case present an exceptional circumstance and there are compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c)(4).

12.     Principles of economy, convenience, fairness, and comity also favor severance and remand. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

13.     This motion does not seek any relief as to Mallinckrodt.

WHEREFORE, for the reasons expressed above and those in Plaintiffs' Memorandum in Support of Motion to Remand filed simultaneously with this Motion, Plaintiffs respectfully request that this Court sever and remand their state law causes of action to the Circuit Court of the County of St. Louis Missouri.

Dated:  October 13, 2020                    Respectfully submitted,

                                            KEANE LAW LLC

                                            /s/ *Ryan A. Keane*
                                            Ryan A. Keane, #62112
                                            7777 Bonhomme Ave., Suite 1600
                                            St. Louis, MO 63105
                                            314-391-4700
                                            314-244-3778 (fax)
                                            ryan@keanelawllc.com

JOHNSON GRAY, LLC
Anthony D. Gray, #51534
319 North 4th Street, Suite 212
St. Louis, MO 63102
(314) 385-9500
agray@johnsongraylaw.com

COOPER LAW FIRM, L.L.C.
Celeste Brustowicz, LA Bar # 16835 *pro hac vice*
Victor Cobb LA Bar # 36830 *pro hac vice*
1525 Religious Street
New Orleans, LA 70130
Phone: (504) 566-1558
cbrustowicz@sch-llc.com
vcobb@sch-llc.com

THOMPSON BARNEY
Kevin Thompson (WV Bar #5062) *PHV forthcoming*
David R. Barney, Jr. (WV Bar #7958) *pro hac vice*
2030 Kanawha Boulevard, East
Charleston, WV 25311
Telephone: 304-343-4401
Facsimile: 304-343-4405
Email: kwthompson@gmail.com

And

RON AUSTIN & ASSOCIATES, L.L.C.
Ron A. Austin, LA Bar # 23630, *PHV forthcoming*
Catherine Hilton, LA Bar # 27238, *PHV forthcoming*
400 Manhattan Blvd
Harvey, Louisiana 70058
Telephone: (504) 227-8100
Facsimile: (504) 227-8122
raustin@ronaustinandassociates.com
chilton@ronaustinandassociates.com

*Attorneys for Plaintiffs and Proposed Class*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 13, 2020, a true and accurate copy of the foregoing was served by filing it in the court's electronic filing system, which will provide electronic notice and a copy of the filing to all parties and attorneys of record.

/s/ *Ryan A. Keane*