IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAMIA BANKS, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>COTTER CORPORATION, COMMONWEALTH EDISON COMPANY, EXELON CORPORATION, EXELON GENERATION COMPANY, LLC, DJR HOLDINGS, INC, AND ST. LOUIS AIRPORT AUTHORITY, A DEPARTMENT OF THE CITY OF ST. LOUIS,<br><br>      Defendants.<br><br>COTTER CORPORATION (N.S.L.)<br><br>      Third-Party Plaintiff<br><br>v.<br><br>MALLINCKRODT LLC, EVERZINC USA INC., BRIDGETON LANDFILL, LLC, REPUBLIC SERVICES, LLC, ALLIED SERVICES, LLC WESTLAKE LANDFILL, INC., and ROCK ROAD INDUSTRIES, INC.,<br><br>      Third-Party Defendants | **Civil Action No. 4:20-CV-01227** |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO SEVER AND REMAND ALL NON-THIRD-PARTY CLAIMS**

  COME NOW Plaintiffs, by and through undersigned counsel, and file the following Memorandum in Support of their Motion to Sever and Remand All Non-Third-Party Claims, pursuant to 28 U.S.C. § 1367(c). After this case was removed by third-party defendant

1

Mallinckrodt, it filed for protection under the bankruptcy laws in the United States Bankruptcy Court, District of Delaware. (Doc. 46, and United States Bankruptcy Court, Delaware, 20-12522, Doc. 1). As such, Plaintiffs' motion to sever and remand does not apply to Mallinckrodt.[1] The bankruptcy, however, provides an additional reason in support of this motion. The Missouri state law claim against Mallinckrodt is for contribution and no more. To halt a two-and-a-half-year-old lawsuit based on the bankruptcy of a third-party defendant under these circumstances denies justice. Even if this court has jurisdiction over the contribution claim, this court should exercise its power to decline supplemental jurisdiction over Plaintiffs' state law causes of action by severing them from the third party demand by Cotter.[2] And that is precisely the relief Plaintiffs seek.

I.   **INTRODUCTION**

Here we are again. This is the second time this action has been removed to this Court. Defendant Cotter originally removed this action asserting federal question jurisdiction based on preemption by the Price Anderson Act[3] ("PAA"). This Court, Judge John A. Ross presiding, remanded finding federal question jurisdiction did not exist and the PAA did not preempt Plaintiffs' state law claims.

---

[1] Mallinckrodt's removal arguments pursuant to 28 U.S.C. § 1331, 1441, 1442, 1446, and 42 U.S.C. § 2210 do not need to be addressed in this motion because even if this court determines that it has jurisdiction over Cotter's third-party contribution claim, this Court should decline to exercise supplemental jurisdiction, sever Plaintiffs' state law claims, and remand them to Missouri State Court pursuant to 28 U.S.C. § 1367(c). However, Plaintiffs must note that procedurally Mallinckrodt cannot remove under 28 U.S.C. § 1331, 1441, and 42 U.S.C. § 2210 because a third-party defendant is not permitted to remove based on an affirmative defense **as this Court has already determined** in a nearly identical case that is directly on point both factually and legally. *Strong v. Republic Servs., Inc.*, No. 4:18-CV-02043 JCH, 2019 WL 1436995 (E.D. Mo. Apr. 1, 2019) ("...Defendant asserts a state law based contribution claim against Third-Party Defendant Cotter; to which Cotter suggests it will raise a defense under the PAA. An affirmative defense is not a claim or cause of action. It is well established that a defense of pre-emption, even if anticipated by the parties does not cause the claim to arise under federal law [citing and quoting *Hurt v. Dow Chemical Co.*, 963 F.2d 1142 (8th Cir. 1992)] .... Third-Party Defendant is unable to remove the present claim from State court on the basis of federal subject matter jurisdiction because no separate or independent federal claim has been raised. This matter has been improperly removed."). Lastly, Plaintiff does not believe Mallinckrodt presents a colorable claim to a federal contractor defense under 28 U.S.C. § 1442, but again that does not need to be addressed.

[2] Alternatively, the court may sever, and remand Plaintiffs' state law causes of action and Cotter's 3rd party claims against all third party defendants except Mallinckrodt.

[3] 42 U.S.C. § 2011 et seq.

Almost two-and-a-half years after this case was initiated, over a year after remand, and after the state court had ruled on Cotter's Motion to Dismiss, Cotter filed a Third-Party Petition[4] against several third-party defendants for contribution. One of the named third-party defendants, Mallinckrodt, removed again arguing federal jurisdiction exists under the federal officer removal statute and under the PAA.

This time around, pursuant to 28 U.S.C. § 1367(c)(2), severance and remand is appropriate because Plaintiffs' state law claims "substantially predominate over" the federal contractor defense that arguably gives this court original jurisdiction. Further, pursuant to § 1367(c)(4), Mallinckrodt's bankruptcy is an exceptional circumstance that provides a compelling reason for declining to exercise supplemental jurisdiction over Plaintiffs state law claims. Moreover, principles of economy, convenience, fairness and comity favor severance and remand.

Plaintiffs assert eleven causes of action arising from contamination of their property which occurred in the State of Missouri and are premised entirely on Missouri law.[5] This case finds itself in federal court not because of any claims made by Plaintiffs or by any defenses asserted by any of the defendants that Plaintiffs sued in state court, but as a result of a defense (the government contractor defense) raised solely by one third-party defendant in response to Cotter's third-party claim for contribution.

Despite the ancillary nature of the claim that could potentially vest the Court with original jurisdiction, assuming *arguendo* that Mallinckrodt is entitled to remove under § 1442, the Court would have supplemental jurisdiction over the entire controversy. See 28 U.S.C. § 1367(a). However, the Court may decline to exercise supplemental jurisdiction because Plaintiffs' state law

---

[4] ECF Doc. No. 14.

[5] Plaintiffs' state law claims include: trespass, permanent nuisance, temporary nuisance, negligence, negligence *per se*, strict liability, injunctive relief, civil conspiracy, inverse condemnation, violation of Art. I § 10 of the Missouri Constitution, and violation of Art. I § 26 of the Missouri Constitution.

claims predominate over the federal claims that vest the Court with original jurisdiction and because the facts here present an exceptional circumstance and compelling reason for declining jurisdiction. See 28 U.S.C. § 1367(c)(2) and (c)(4). Simply put, because the federal defense at issue is entirely contingent on the outcome of Plaintiffs' state law claims, this Court can, and should, decline to exercise supplemental jurisdiction, sever the Plaintiffs' main demand, and remand it to the Circuit Court of St. Louis County. This outcome is supported by statute, case law on the exercise of supplemental jurisdiction, and the concepts of comity and fairness.

## II.   PROCEDURAL HISTORY

This action was originally filed on February 18, 2018 in Missouri state court for violations of Missouri state law and the Missouri Constitution for loss and damage to Plaintiffs' property. Plaintiff filed a substantially similar Amended Petition on April 2, 2018.

The Defendants are/were these:

- **Cotter:** owned, processed, and disposed the hazardous, toxic, carcinogenic, and radioactive wastes.

- **Commonwealth Edison Company, Exelon Corporation and Exelon Generation Company, LLC (collectively "Cotter Defendants")**: purchased Cotter and/or have indemnity obligations to Cotter.[6]

- **DJR Holdings**: owns 9200 Latty Avenue, Hazelwood, Missouri ("Latty Avenue Site") where Cotter stored and processed the radioactive material.

- **St. Louis Airport Authority**: the owner of the site formerly known as the St. Louis Airport Site ("SLAPS") where the toxic materials were stored and processed.

On April 18, 2018, this case was first removed by Cotter asserting that the PAA preempted Plaintiffs' state law claims.  Following robust briefing and oral argument, this Court, on March 29,

---

[6] Interestingly, it is Cotter, not Commonwealth Edison, that has filed a third-party claim against Mallinckrodt.  Yet, Cotter has full indemnification from Commonwealth Edison for any judgments related to the radioactive waste at issue in this litigation.  Therefore, Commonwealth Edison is the real party that should have brought a third-party claim against Mallinckrodt -- but to do so, would have further supplanted the personal jurisdiction of the Missouri courts Commonwealth Edison is so desperately trying to avoid.

2019, remanded the case finding no federal subject matter jurisdiction. Cotter filed no third-party demands prior to the first removal and waited over a year since the remand to do so.

After this case was remanded, Cotter filed a Motion to Dismiss again claiming preemption by the PAA and that the state law claims were not sufficiently pleaded. The remaining Defendants, Commonwealth Edison, Exelon Corporation and Exelon Generation, LLC, also sought dismissal urging lack of personal jurisdiction. Before hearing on the motions to dismiss, Plaintiffs filed a Second Amended Petition adding additional class representatives and dropping the Exelon Defendants. Cotter filed a second Motion to Dismiss again urging PAA preemption. Commonwealth Edison continued to seek dismissal due to an alleged lack of personal jurisdiction. The issues were briefed and on March 31, 2020, a hearing was held with Circuit Court Judge Joseph L Walsh, III.

Judge Walsh ruled that Plaintiffs were entitled to conduct jurisdictional discovery concerning Commonwealth Edison giving Plaintiffs leave to file a Third Amended Petition once jurisdictional discovery concluded. That discovery continues. Plaintiffs are also entitled to conduct discovery with the other Defendants on all issues. That discovery is also underway. In fact, over 17,000 pages of documents were recently produced by Cotter and Commonwealth Edison and undersigned counsel are actively reviewing them.

Concerning Cotter's motion based on PAA preemption, Judge Walsh ruled that:

    A.    Motion to Dismiss based on arguments that the PAA preempts Plaintiffs' state law claims denied as moot

    B.    Motion to Dismiss for failure to state a claim for temporary and permanent nuisance granted and Plaintiffs granted leave to amend these counts

    C.    Motion to Dismiss for failure to state a claim for negligence and negligence per se denied

    D.    Motion to Dismiss for failure to state a claim for "injunctive relief" granted in part and Plaintiffs granted leave to amend

    E.    Motion to Dismiss for failure to state a claim for punitive damages denied

    F.    Motion to Dismiss for failure to state a claim for civil conspiracy denied without prejudice; and

    G.    Motion to Dismiss with regard to Plaintiffs' request for remedy of medical monitoring denied.

On June 30, 2020, Cotter then filed a Third-Party Petition seeking Missouri based contribution from Mallinckrodt, EverZinc USA Inc., Bridgeton Landfill LLC, Republic Services, Inc., Allied Services, LLC, Westlake Landfill, Inc., and Rock Road Industries, Inc. Thereafter, on September 10, 2020, Mallinckrodt removed this matter urging: 1) it is entitled to removal under the federal officer removal statute found in 28 U.S.C. § 1442; and 2) that the PAA preempts Cotter's state law contribution claim and Plaintiffs' underlying claims.

## III.   LEGAL ARGUMENT

### A.   Legal Standard

A court's discretion to decline to exercise its supplemental jurisdiction is circumscribed by 28 U.S.C. § 1367(c). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State Law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

28 U.S.C. § 1367(c).

The court's discretion is further delineated by case law: after determining that one or more of these statutory factors would be satisfied, "the federal court should consider 'principles of economy, convenience, fairness, and comity' and whether the efforts of a party in seeking remand amount to a 'manipulative tactic.'" *Hinson v. Norwest Financial South Carolina, Inc.*, 239 F.3d 611, 617 (4th Cir. 2001) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).

Supplemental jurisdiction, formerly known as pendant jurisdiction, is a doctrine of discretion, not of a party's right. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Its justification lies in "considerations of judicial economy, convenience, and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims." *Id*. The "substantially predominates" language in § 1367(c)(2) is drawn from the Supreme Court's opinion in *Gibbs*. Any district court's analysis of § 1367(c)(2) should adopt the Court's reasoning in that case.

Where one of the grounds listed in § 1367(c) is present, the court's discretion "should be guided by considerations of judicial economy, convenience, and fairness to the litigants." *Cossette v. Minnesota Power & Light*, 188 F.3d 964, 973 (8th Cir. 1999). In the evaluation of those considerations, "if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Gibbs*, 383 U.S. at 726-27. See also *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997) (A district court may decline to exercise its supplemental jurisdiction over state law claims by considering a "host" of factors, "including the circumstances of the particular case, the nature of the state law claims, and the character of the governing state law, and the relationship

7

between the state and federal claims[.]"). Section § 1367(c) "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.' " *Id*. (quoting *Carnegie-Mellon v. Cohill*, 484 U.S. 343, 350 (1988)). See also *Marshall v. Green Giant Co.,* 942 F.2d 539, 549 (8th Cir. 1991) (holding that, when considering whether to exercise its discretion under § 1327(c), "the district court should consider the stage at which the federal claims were disposed of, the difficulty of the state claim, the amount of judicial time and energy already invested in it, the amount of additional time and energy necessary for its resolution, and the availability of a state forum") (internal quotations omitted).

> B. **The Court Should Decline Supplemental Jurisdiction Under 1367(c) and Plaintiffs State Court Causes of Action Should be Severed and Remanded**
>
>> i. **Plaintiffs' State Law Claims "Substantially Predominate" Pursuant to 1367(c)(2)**

This court should sever Plaintiffs' state law claims from Cotter's third-party contribution claims and remand the state law claims back to state court where they properly belong. This Court has already held that it does not have jurisdiction over Plaintiffs state law claims against the original defendants. The federal jurisdiction sought by the third-party defendant in this case exists for reasons wholly unrelated to Plaintiffs' claims asserted in state court.

Because of this, the Court should decline to exercise its supplemental jurisdiction over Plaintiffs' state law claims under subsection 1367(c)(2) because the state law claims predominate over the claims for which this Court has original jurisdiction. It has long been held that a state law claim predominates over a case when "a state claim constitutes the *real body of a case*, to which the *federal claim is only an appendage…*" See *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 727 (1966) (emphasis added). Moreover, a district court should not exercise

supplemental jurisdiction if it would allow "a federal tail to wag what is in substance a state dog." *De Ascencio v. Tyson Foods, Inc.*, 342 F.3d 301, 310 (3d Cir. 2003) (citing *Borough of W. Miffin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995)).

A similar scenario as we have here was confronted in *Oliver v. Campbell McCormick, Inc.*, No. CV CCB-16-1057, 2016 WL 3878492, at *1 (D. Md. July 18, 2016). In *Oliver*, a worker at a nuclear power plant brought state court action alleging exposure to defendants' asbestos-containing products. One of the defendants filed a third-party claim seeking contribution and the third party invoked the government contractor defense and removed the action to federal court under the federal officer removal statute. Based on the determination that plaintiff's state law claims predominated over the federal contractor defense, the only claim over which the court had original jurisdiction, the United States District Court granted plaintiff's motion to sever and remand and concomitantly retained jurisdiction over defendant's third-party claims, which the court stayed. The court also ordered that the case over which it retained jurisdiction be administratively closed, subject to reopening, as warranted, to pursue third-party claims.[7]

The case here is the same as *Oliver* in that "[Plaintiffs'] claims, and [Cotter's] third-party claims for contribution, are based entirely on state law" 2016 WL 3878492, at *3. Moreover, as in *Oliver*, Plaintiffs here do not assert any claims against the third party seeking removal. *Id*. *See also Crocker v. Borden, Inc.*, 852 F. Supp. 1322 (E.D. La. 1994). In other words, Plaintiffs do not assert any claims against the party seeking to invoke a government contractor defense.

Further, Cotter's contribution claim against Mallinckrodt "is but one sliver" of the overall action and the Plaintiffs state law causes of action predominate over any claims against Mallinckrodt. *See Joyner v. A.C. & R. Insulation Co.*, 2013 WL 877125, at *10 (D. Md. March 7,

---

[7] See *Oliver v. Campbell McCormick, Inc.*, Case 1:16-cv-01057-CCB, Doc. No. 106 (July 18, 2016).

2013), aff'd sub nom. *Wood v. Crane Co.*, 764 F.3d 316 (4th Cir. 2014). *See also Madden v. Able Supply Co.*, 205 F. Supp. 2d 695, 702 (S.D. Tex. 2002).

This Court should decline to exercise its supplemental jurisdiction under Section 1367; severance and remand of all non-third-party claims is appropriate because Plaintiffs' state law claims substantially predominate over the government contractor defense that gives this court original jurisdiction.

### ii. Other Compelling Reasons Exist to Decline Supplemental Jurisdiction Pursuant to 1367(c)(4)

This Court may also decline supplemental jurisdiction over Cotter's third-party contribution claims under 28 U.S.C. § 1367(c)(4) because of the exceptional circumstances in this case. Mallinckrodt filed for bankruptcy on October 11, 2020. See Doc. No. 46.  In doing so, Mallinckrodt's filing automatically stays this litigation as it relates to Mallinckrodt. Allowing a third-party defendant's bankruptcy filing to freeze this litigation where Plaintiffs have asserted no claims against Mallinckrodt would be unjust. As such, this Court should find that this is an "exceptional circumstance" that provides a compelling reason to decline supplemental jurisdiction under 1367(c)(4).[8]

Undue delay is one of the "exceptional circumstances" where other federal district courts have declined supplemental jurisdiction under § 1367(c)(4). See *Crocker*, 852 F. Supp. 1322. ("If these cases are not remanded, they must be transferred to the United States District Court for the

---

[8] For a similarly "exceptional" and unique case, see the Texas district court's decline of supplemental jurisdiction under § 1367(c)(4) in *Wolinsky v. Oak Tree Imaging, LP*, 362 B.R. 770 (S.D. Tex. 2007) ("No other court has considered whether an adversary that is withdrawn from the bankruptcy court in these circumstances is still part of one 'action' with the pending bankruptcy claim to support supplemental jurisdiction. As a case of first impression, it seems almost self-evident that these circumstances are 'out of the ordinary' and 'uncommon.' The court therefore finds that this suit presents 'exceptional circumstances.' See § 1367(c)(4)."). Plaintiffs here concede that this case is factually different, but, arguably, the facts of the case at bar are even more "exceptional".

Eastern District of Pennsylvania… If history is any indicator, these cases most assuredly will not be tried for several years, perhaps not until the turn of the century. … [T]he compelling reasons outlined above convince this Court that as a matter of fairness to the litigants, the main demands ought to be remanded for trial. 28 U.S.C. § 1367(c)(4)."); *Madden*, 205 F. Supp. 2d 695, 702 (S.D. Tex. 2002) ("Moreover, the Court concludes that compelling reasons counsel in favor of remanding the Remaining Claims to state court. First, the Remaining Claims have been pending in state court [Plaintiff's chosen forum] for nearly two years. Effecting a forum change at this crossroads, when all of the Parties have spent considerable time and money preparing for a state court trial [as opposed to a trial in a federal forum], would cause unnecessary hardship to all involved.") Plaintiffs' claims in this case were filed in February 2018, more than two-and-a-half years ago. In the time that many cases are fully adjudicated and resolved, this case has labored through multiple arguments about appropriate venue and parties. Now, with the specter of Mallinckrodt's bankruptcy looming over these proceedings, an already lengthy case looks to be unnecessarily increased. By severing and remanding Plaintiffs' state law claims, Plaintiffs' claims may be expedited towards a resolution instead of tying up judicial resources for years to come.

Moreover, the totality of the circumstances presented in this case favor declining supplemental jurisdiction. Any other result would be unjust, as Plaintiffs would be forced to bring their state law causes of action in federal court when: 1) this Court has already determined that Plaintiffs' case properly belongs in state court (i.e., see remand order dated March 29, 2019); 2) plaintiffs bring no claims against Mallinckrodt, the only party potentially entitled to federal court jurisdiction; 3) Cotter's state law contribution claim only accrues if Plaintiffs are successful on their state law claims; 4) this case has been on file for over two-and-a-half years; 5) Cotter did not third party anyone in until now, after the first remand, after Cotter's motion to dismiss was briefed,

11

argued and decided, and after Cotter produced over 17,000 pages of documents; 6) Defendant Commonwealth Edison is indemnifying Cotter, but yet Commonwealth Edison has not third-partied anyone into this case; 7) the PAA is an affirmative defense and not proper grounds for removal by a third-party defendant; and 8) now Mallinckrodt is conveniently bankrupt. All of these facts and circumstances should provide compelling reasons to guide this Court to decline supplemental jurisdiction under § 1367(c)(4) and let Plaintiffs continue its case in Missouri State Court.

Indeed, if there is manipulation by any party here, it is clearly by the Defendants. This Court should not condone such tactics which appear to be undertaken to force a federal forum on Plaintiffs' state law claims. Cotter should not be permitted to hijack Plaintiffs' case by bringing in a third party to create federal court jurisdiction where none otherwise exists.

### iii. Principles of Economy, Convenience, Fairness and Comity Favor Severance and Remand

A court's discretion to decline to exercise its supplemental jurisdiction is appropriate here pursuant to 28 U.S.C. § 1367(c)(2) as Plaintiffs' state law claims "substantially predominates over" the government contractor defense raised by Mallinckrodt and pursuant § 1367(c)(4) because other compelling reasons, namely Mallinckrodt's bankruptcy proceedings, favor declining supplemental jurisdiction. Moreover, principles of economy, convenience, fairness, and comity as well as whether the efforts of party seeking remand amount to a manipulative tactic also favor remand.

Considering principles of economy, convenience, fairness, comity, and whether the efforts of a party seeking remand amount to a manipulative tactic, it is apparent that this Court should decline to exercise its supplemental jurisdiction and plaintiffs state law causes of action should be severed and remanded. Plaintiffs here have brought only state law causes of action and Cotter's

12

third-party petition relies solely on state law. States have a strong interest in adjudicating issues of state law in their own courts. "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971) (also discussing the notion of "comity"). Moreover, if the motion to sever and remand is not granted, the greater prejudice would befall Plaintiffs -- not Mallinckrodt or any other defendant or third-party defendant, as explained above.

As pointed out in *Oliver*, "the federal contractor defense, the one claim that provides this court with original jurisdiction, would become relevant only if the defendants are found to be liable for [Plaintiffs'] *state law* causes of action." *Id*. (emphasis in original).[9] As discussed below, Missouri law agrees: claims for contribution do not ripen until the defendant has suffered a judgment; therefore, such claims can be independently adjudicated and do not need to be litigated alongside Plaintiffs' case.

Severance of all of Cotter's third-party contribution claims against the third-party defendants is proper and causes no prejudice because, under Missouri law, Cotter's contribution claims can be independently adjudicated. "**A claim for indemnity or contribution is really an anticipatory claim; that is, the claim by a defendant who is held liable to a plaintiff really is not ripe until the defendant has suffered a judgment.**" *Hemme v. Bharti*, 183 S.W.3d 593, 598 (Mo. 2006) (emphasis added). An action for contribution or indemnity can be prosecuted as a separate action and does not have to be brought by way of third-party proceedings in the initial action. *Lowe v. Norfolk & W. Ry. Co.*, 753 S.W.2d 891, 892 (Mo. 1988).

---

[9] *See Haupt v. State*, 667 A.2d 179, 186 (Md. 1995) ("[A] claim for indemnification or contribution does not accrue until judgment has been entered against the party seeking indemnification or contribution.").

13

In *Safeway Stores, Inc. v. City of Raytown*, the Missouri Supreme Court addressed a situation where they had to determine contribution rights in a case in which the contribution defendant was not a party to the initial action by the plaintiff. *Safeway Stores, Inc. v. City of Raytown*, 633 S.W.2d 727 (Mo. 1982). The City of Raytown, the third-party contribution defendant, argued Safeway's claims were unjust in that Raytown had no opportunity to defend itself. *Id*. at 728-32. The Missouri Supreme Court rejected this argument because it found that the defendant in the contribution action, Raytown, would *not* be bound by the discovery or the determination of liability and damages in the original suit and would still be permitted its day in court to argue against allegations of their fault and the amount of damages which the injured party suffered. *Id*. at 732. They were thereby not prejudiced by the subsequent contribution proceedings.

Like Raytown in the *Safeway* case, the third-party defendants to Cotter's claims will have the ability to fully and fairly litigate both damages and liability in the third-party contribution claims that Cotter alleges against them. The third-party defendants will have the right to refute Cotter's allegations against them that their actions caused Plaintiffs' harms. Individually, they will have all the rights and defenses available to them in the contribution claim, independently, that they might otherwise have by participating in the claims that Plaintiffs' have alleged against Cotter and others. Under the legal precepts of the claim for contribution, none of the third-party defendants will ever be responsible for paying any sums greater than a jury would award Plaintiffs *in toto*, less whatever fault the contribution case jury would award to Cotter. Consequently, all of Cotter's third-party contribution claims are proper and will not prejudice any of the third-party defendants from exercising any of their legal rights or defending their claims.

IV.     **CONCLUSION**

This Court should sever Plaintiffs' state law causes of action from Cotter's third-party contribution claims and remand Plaintiffs' state law claims back to the Circuit Court of St. Louis County.  This Court has the discretion and power to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) because Plaintiffs' state law claims "substantially predominate" over the federal issues in this case, and because the facts and events presented represent an "exceptional circumstance" better suited for adjudication in state court.  Allowing a third-party defendant, not implicated in Plaintiffs' causes of action, to commandeer this lawsuit represents a manifest injustice to the Plaintiffs and their right to seek the remedies of their choosing. Severance and remand is economical, convenient, and above all else, fair.  For the foregoing reasons, Plaintiffs' Motion to Sever and Remand should be granted.

Dated:  October 13, 2020                        Respectfully submitted,

                                                KEANE LAW LLC

                                                /s/ *Ryan A. Keane*
                                                Ryan A. Keane, #62112
                                                7777 Bonhomme Ave., Suite 1600
                                                St. Louis, MO 63105
                                                314-391-4700
                                                314-244-3778 (fax)
                                                ryan@keanelawllc.com

                                                JOHNSON GRAY, LLC
                                                Anthony D. Gray, #51534
                                                319 North 4th Street, Suite 212
                                                St. Louis, MO 63102
                                                (314) 385-9500
                                                agray@johnsongraylaw.com

                                                COOPER LAW FIRM, L.L.C.
                                                Celeste Brustowicz, LA Bar # 16835 *pro hac vice*
                                                Victor Cobb LA Bar # 36830 *pro hac vice*
                                                1525 Religious Street

New Orleans, LA 70130
Phone: (504) 566-1558
cbrustowicz@sch-llc.com
vcobb@sch-llc.com

THOMPSON BARNEY
Kevin Thompson (WV Bar #5062), *PHV forthcoming*
David R. Barney, Jr. (WV Bar #7958) *pro hac vice*
2030 Kanawha Boulevard, East
Charleston, WV 25311
Telephone: 304-343-4401
Facsimile: 304-343-4405
Email: kwthompson@gmail.com

And

RON AUSTIN & ASSOCIATES, L.L.C.
Ron A. Austin, LA Bar # 23630, *PHV forthcoming*
Catherine Hilton, LA Bar # 27238, *PHV forthcoming*
400 Manhattan Blvd
Harvey, Louisiana 70058
Telephone: (504) 227-8100
Facsimile: (504) 227-8122
raustin@ronaustinandassociates.com
chilton@ronaustinandassociates.com

*Attorneys for Plaintiffs and Proposed Class*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on October 13, 2020, a true and accurate copy of the foregoing was served by filing it in the court's electronic filing system, which will provide electronic notice and a copy of the filing to all parties and attorneys of record.

                                    /s/ *Ryan A. Keane*