# EXHIBIT F

# IN THE TWENTY-FIRST JUDICIAL CIRCUIT COURT
## ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| TAMIA BANKS, et al., on behalf of themselves and all others similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>COTTER CORPORATION, )<br>COMMONWEALTH EDISON COMPANY, )<br>DJR HOLDINGS, INC. f/k/a FUTURA )<br>COATINGS, INC., and ST. LOUIS AIRPORT )<br>AUTHORITY, A DEPARTMENT OF THE )<br>CITY OF ST. LOUIS, )<br>)<br>Defendants. ) | Cause No. 18SL-CC00617-01 |

## PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT COTTER CORPORATION

Plaintiffs Tamia Banks, Rev. Ronnie Hooks, Barbara Hooks, Joel Hogan, Kenneth Niebling, Kendall Lacy, Tanja Lacy, Willie Clay, Bobbie Jean Clay, Angela Statum, and Missouri Rentals Company, LLC, on behalf of themselves and all others similarly situated, by and through their attorneys, and pursuant to Rule 58.01 of the Missouri Rules of Civil Procedure, hereby propound the following Request for Production of Documents on Defendant, COTTER CORPORATION, to be answered within thirty (30) days after service thereof.

## Instructions

1.    Answer each production request separately and fully in writing and under oath, unless it is objected to, in which event the reasons for such objection must be stated in lieu of an answer.

2.    You are under a continuing duty to seasonably supplement your response with respect to any question when new or additional information becomes known. Additionally, you are under a continuing duty to seasonably amend a prior response if you obtain information upon the basis of which you know that the response was incorrect when made, or that the response, through correct

1

when made, is no longer complete or correct.

3. All responsive information and documents in the possession of the party, the party's attorney, investigators, agents, employees or any other representatives of the named party and the party's attorney are to be produced.

4. If a party is unable to answer fully and completely any of the production requests propounded, then the party must answer said production request to the fullest extent possible and specify the reason(s) for the present inability to answer the production request.

5. These Requests require you to produce all responsive documents that are in your actual or constructive possession, custody, or control.

6. If you contend that you are entitled to withhold from production any documents responsive to these Requests on the basis of attorney-client privilege, the work-product doctrine or any other ground or privilege, then please provide a description of the withheld material or information, and at a minimum, please follow the instructions prescribed in sub-parts below as to each withheld document.

    (a) Describe the nature of the document (e.g., letter or memorandum, etc.);

    (b) State the date of the document;

    (c) Identify the persons who sent and/or received the original and/or a copy of the document;

    (d) State the contents of the document; and

    (e) State the basis upon which you contend that you are entitled to withhold the document from production.

7. If any or all documents responsive to these Requests are no longer in your possession, custody or control because of destruction, loss, or any other reason, then please follow the instructions described in sub-parts (a)-(e) below as to each such document.

    (a) Describe the nature of the document (e.g., letter or memorandum, etc.);

      (b)      State the date of the document;

      (c)      Identify the person(s) who sent and/or received the original and/or a copy of the document;

      (d)      State in detail the contents of the document; and

      (e)      State the name and date of disposition of the document, what disposition was made of it, the person responsible for making the decision regarding the disposition and the person responsible for carrying out the disposition.

8. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort not appearing on another copy.

9. If you or your attorneys know of the existence, past or present, of any document described in the Request, but such document is not presently in your possession, custody or control or in the possession, custody or control of your agents, representatives, or attorneys, please state that this is the case in your response to the Request, identify such document in response to the Request, and identify the individual in whose possession, custody, or control the document was last known to reside. If such document no longer exists, state when, how, and why such document ceased to exist.

10. The documents produced in response to this Request shall be: (i) organized and designated to correspond to the categories in this Request or, if not, (ii) produced as they are maintained in the normal course of business, and in either case;

      (a)      All associated file labels, file headings and file folders shall be produced together with the responsive documents from each file and each file shall be identified as to its owner or custodian;

      (b)      All documents that cannot be legibly copied shall be produced in their original form; otherwise, you may produce photocopies; and

      (c)      Each page shall be given a discrete production number.

11. If documents are in an electronic, magnetic or otherwise non-paper format, please provide Plaintiffs with a copy of the original. Plaintiffs reserve the right to request production and/or viewing of such documents in their original format when the copy appears altered, whether

intentionally or not, or it is not able to be read in its produced form. If such a document requires the use of specific equipment or software, please state that such is the case and name the software or equipment. Plaintiffs reserve the right to request that such document(s) be read on your software or equipment if such is not readily available or accessible to Plaintiffs. Please inform Plaintiffs' counsel if you believe that there will be any questions, concerns or objections to this instruction.

12. If you object to any of the Definitions or Instructions herein, you must do so by written response hereto. If said written response to a Definition or Instruction is not made prior to your response to the discovery requested, it will be presumed that you do not object to any Definition or Instruction.

13. Unless otherwise specified in a particular Request, the time period covered by each Request runs from January 1, 1967 to the present.

## Definitions

1. "Defendant," "you," "yourself," or "your" shall mean the Defendant, Cotter Corporation, as well as its directors, shareholders, employees, officers, contractors, agents, owners, parent, subsidiaries, other affiliates, and anyone acting on its behalf.

2. "Plaintiff" or "Plaintiffs" shall mean the Plaintiffs, Tamia Banks, Rev. Ronnie Hooks, Barbara Hooks, Joel Hogan, Kenneth Niebling, Kendall Lacy, Tanja Lacy, Willie Clay, Bobbie Jean Clay, Angela Statum, and Missouri Rentals Company, LLC.

3. "Petition" shall mean the Second Amended Class Action Petition filed against you in the Circuit Court for St. Louis County, Missouri, under Case no. 18SL-CC00617.

4. "Contamination" shall refer to your contamination of Plaintiffs' Homes and of the property located in St. Louis, Missouri as alleged more fully in the Petition.

5. "SLAPS" refers to the St. Louis Airport Site as described in Paragraphs 65 through 66 of the Petition.

4

6. "Futura Coating Site" refers to the property located at 9200 Latty Avenue in Hazelwood, Missouri

7. "HISS" refers to the Hazelwood Interim Storage Site property located at 9200 Latty Avenue in Hazelwood, Missouri.

8. "Latty Avenue Site" refers to the properties located at 9200 Latty Avenue (Futura Coating Site) and 9170 Latty Avenue (HISS) in Hazelwood, Missouri.

9. "Coldwater Creek" refers to the tributary which runs through North St. Louis County and flows into the Missouri River.

10. "Radioactive Material" refers to: 1) any material spontaneously emitting energetic particles by the disintegration of their atomic nuclei, whether naturally occurring or artificial; 2) residues containing uranium and/or thorium; 3) uranium and/or thorium mill tailings; 4) any materials that you produce, process, or dispose of in connection with your possession and/or storage of residues containing uranium and/or thorium, uranium and/or thorium mill tailings or other uranium ore at or around SLAPS, Latty Avenue Site, and/or Coldwater Creek; and/or 5) any other polluting or poisonous substance used or stored at SLAPS, Latty Avenue Site, and/or Coldwater Creek in any operation.

11. "Activities" refers broadly to your possession and/or storage of Radioactive Material at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites, including, as alleged in the Second Amended Petition: 1) the purchase and handling of Radioactive Material; and/or 2) the storage of the Radioactive Material. "Activities" also refers to the handling, storage, disposal, treatment, processing or testing of any emissions or other by-products resulting from the production, transportation, handling, storage, and disposal of residues containing Radioactive Material.

12. "Release(s)" refers to the release of any material from the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites, including but not limited to any releases by air, surface water, soil, or

5

sewers.

13.     "Documents" is an all-inclusive term referring to any writing and/or recorded or graphic matter, however produced or reproduced. The term "documents" includes, without limitation, agreements, contracts, leases, addenda thereto, amendments, letters, emails, text messages, correspondence, memoranda, inter-office communications, intra-office communications, minutes, reports, notes, pamphlets, reports, schedules, analyses, drawings, pictures, tables, graphs, photographs, videotapes, charts, flow charts, papers, program specifications, contract specifications, contract proposals, time cards, sketches, indices,  data sheets, data processing cards, data processing tapes, data processing files, computer tapes or printouts, computer disks, computer diskettes, sound recordings or any types, records of telephone or other conversations or meetings telex messages, maps, surveys, books of account, ledgers, invoices, receipts, purchase orders, pleadings, questionnaires, contracts, bills, checks, check stubs, check books, studies, books, working papers, drafts, diaries, records, vouchers, logs, proposals, telegrams, films, fax material, computer programs including the software thereof, or any other writings however produced or reproduced including any non-identical draft or copy thereof matter tangible or retrievable by any means presently technologically available. The term "documents" also includes any preliminary notes and drafts of the above-mentioned matters, in whatever form they exist; for example, printed, typed, longhand, shorthand, on paper, paper tape, tabulating cards, ribbon, blueprints, magnetic tapes, including but not limited to audiotapes, compact discs, microfilm, film, motion picture film, phonographic records, dictographic records, computer data files, hard discs of computer, computer diskettes or any other form by which said matter can be retrieved and/or obtained.

14.     "Document" shall also mean and include any "Electronically Stored Information" ("ESI") which shall include, but is not limited to digital communications (e.g., e-mail, voice mail, instant messaging, text messaging); word processed documents (e.g., Word or WordPerfect

documents and drafts); spreadsheets and tables (e.g., Excel or Lotus 123 worksheets); accounting application data (e.g., QuickBooks, Money, Peachtree data files); image and facsimile files (e.g., .PDF, .TIFF, .JPG, .GIF images); sound recordings (e.g., .WAV and .MP3 files); video and animation (e.g., .AVI and .MOV files); databases (e.g., Access, Oracle, SQL Server data, SAP); contact and relationship management data (e.g., Outlook, ACT); calendar and diary application data (e.g., Outlook PST, Yahoo, blog tools); online access data (e.g., Temporary Internet Files, History, Cookies); presentations (e.g., PowerPoint, Corel Presentations); network access and server activity logs; project management application data; computer aided design/drawing files; and, backup and archival files (e.g., Zip, .GHO files). The word "document" shall be construed to the furthest extent permissible under the Missouri Rules of Civil Procedure.

15.  "Identify" (a) when used with respect to a natural person shall mean to state the person's (1) full name, (2) last known home or business address, (3) last known home or business telephone numbers, (4) last known employer, (5) last known title or occupation, (6) if the person's present whereabouts are unknown, all information that reasonably may be helpful in locating the person (for example, spouse's name, children's names and addresses and the names and addresses of other known relatives), and (7) that person's relationship, if any, to Defendant; (b) when used with respect to a corporation or business entity other than an a natural person shall mean to state that entity's name, address of its principal place of business and telephone number; (c) when used with respect to a document shall mean to state the title or name of the document (or provide a brief description thereof), the author(s), the recipient(s), the present custodian, and that the date the document was created; and (d) when used with respect to communication shall mean to identify the contents of the communications, the date and place the communication was made, the type of communication (written correspondence, email, phone conversation, etc.), and the identity of each person participating in and present for the communication.

16. "Person" shall refer to any natural person or any corporation, partnership, limited liability company, limited partnership, joint venture, firm, association, proprietorship or any other business, legal, or governmental entity or association.

17. Whenever the expression "and/or" is used in these Interrogatories, the information called for should be set out both in the conjunctive and disjunctive and, whenever the information is set out in the disjunctive, it should be given separately for each and every element sought.

18. "Do," "does," "is," "are" and other verbs used in the active voice are also intended to refer to "did," "was," "were" and other verbs used in the past tense.

19. "Pertaining to" or "relating to" or "concerning" shall mean referring to, reflecting, or related in any manner, logically, factually, indirectly or directly to the matter addressed.

20. "Communication" shall mean any transmission of words or thoughts between or among two or more persons, and includes, but is not limited to, spoken words, conversations, conferences, discussions, talks and reports, whether transmitted in person or by any electronic devices such as telephone or radio, and documents as defined above.

## Production Requests

1. Provide organization charts or other documents evidencing the identifies, title, and last-known address of each of your personnel that has had principal responsibilities regarding the following in relation to your operations at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites:

    a. Management of operations;

    b. Running, analysis, and/or interpretation of all testing for Radioactive Material;

    c. Worker and public safety;

    d. Environmental regulatory compliance; and

    e. Budgeting and/or accounting concerning the SLAPS, Latty Avenue

8

Site, and/or Coldwater Creek sites or its operations.

2. Produce all documents or materials in any way relating to or responsive to Plaintiffs' First Set of Interrogatories or your responses thereto.

3. Produce all contracts, letters of mutual understanding, power-sharing agreements, and/or indemnity agreements between You and any Missouri-based corporations.

4. Produce all contracts, letters of mutual understanding, power-sharing agreements, and/or indemnity agreements between You and any of the Defendants named in the above-captioned matter.

5. Produce all documents related to any and all transfers of ownership of the Radioactive Materials at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites from 1967 to the present day.

6. Produce all documents related to any and all transfers of possession of the Radioactive Materials at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites from 1967 to the present day.

7. Produce copies of all Nuclear Regulatory Commission approved deviations from any Nuclear Regulatory Commission regulation, including but not limited to General Design Criteria.

8. Provide all documents related to any voluntary remediation or "brownfield" agreements, consent decrees, covenants, or other arrangements into which You entered in relation to the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites and surrounding property.

9. Provide all documents related to any soil, air, or indoor dust samples from the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites and surrounding property.

10. Produce documents concerning any and all of your methods and procedures for running and interpreting environmental monitoring equipment, effluent, or other waste-testing equipment in relation to the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites and

9

surrounding property.

11.   Produce documents evidencing or concerning the results of any environmental testing or analysis performed at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites or at surrounding property.

12.   Produce documents describing or discussing environmental and/or human health risks and/or risk assessments and/or dose assessments for any areas which are associated with any exposure to materials found at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites and surrounding property.

13.   Produce copies of any local, state, or federal regulations setting "dose limits" or defining an "actionable standard," if any, for Plaintiffs' claims alleged in their Petition.

14.   Provide all documents in your possession either received from or sent to any local, state, or federal regulatory agency or members of the press concerning Radioactive Material and/or Activities at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

15.   Provide copies of all permits or licenses you have held from any local, state, or federal regulatory agency concerning Radioactive Material or the Activities at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

16.   Provide copies of any applications or requests for any of the permits or licenses referenced in Request Number 14, including all documents attached to those applications or which the applications otherwise cite to or rely upon.

17.   Produce all documents evidencing or comprising any program, protocol, or procedure of acquiring, collecting and/or disseminating information regarding the existence, quantities, concentrations, levels, or other characteristics of any and all wastes produced and/or emissions from the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

18.   Produce documents, if any, comprising or evidencing the applicability of the

10

following agencies and/or regulations to your operations at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites:

    a. The United States Environmental Protection Agency;

    b. The Missouri Department of Natural Resources;

    c. The United States Nuclear Regulatory Commission;

    d. All agencies responsible for environmental protection in Missouri; or

    e. Any other federal, state, or local agency that you contend promulgates or enforces regulations or rules applicable to your operations at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

19. Provide copies of any and all schematics, layouts, photographs, process diagrams, flow charts, and other documents in your possession, custody, or control that in any way depicts the process or any part of the processes involved in your Activities or any other processes at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites involving Radioactive Material.

20. Provide all documents in your possession concerning the type, source, or supplier of any one or more of the Radioactive Materials at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

21. Provide all documents in your possession concerning the quantity of any one or more Radioactive Materials at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

22. Provide all documents concerning the handling, transportation, storage, disposal, treatment, processing, testing, or removal of any of the Radioactive Materials at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

23. Provide all documents concerning the handling, dispersal, or escape of any airborne emissions—whether intentional or accidental, one time or recurring—of any kind or kinds from the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

24. Provide any and all work orders, change orders, invoices, memoranda, and other documents in your possession, custody, or control that refer to any construction, modification, or alteration of the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

25. Provide all documents concerning citizen complaints—and records of any investigations arising from those complaints—about possible pollution, emissions, or the escape of contaminants from the premises of the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites, whether or not those complaints were investigated, substantiated, or deemed by you to be mistaken or groundless.

26. Provide copies of all documents concerning vendors, contractors, and subcontractors who have been retained by you to measure Radioactive Material samples or calibrate instruments at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites or at other properties, or to provide remediation services associated with any waste(s) generated, stored, and/or transported by your operation(s) in St. Louis, Missouri.

27. Produce copies of all Corrective Action Requests, Licensing Event Reports, or named equivalent reports, incident reports, and correspondence with any and all federal and state agencies and members of the press regarding any and all problems concerning the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites, including but not limited to the Activities, Radioactive Material at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites, and the Release or emission of any Radioactive Material.

28. Produce all known reports, notes, memoranda, or test results related to any sampling, tests, experiments, or examinations conducted at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites or within a five-mile radius of the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites, and any known reports, notes, memoranda, or test results from environmental sampling related to the Contamination complained of in the Petition.

29. Produce all documents discussing the radiological properties or character of environmental Releases from the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites, including but not limited to those involving particulate matter from processes related to Radioactive Material or other waste.

30. Produce all known reports, notes, memoranda, correspondence, or test results related to any sampling, tests, experiments, or examinations conducted at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites or within a five-mile radius of the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites, and any known reports, notes, memoranda, or test results which relate in any way to uranium, Radioactive Material, or other hazardous substances.

31. Produce all documents evidencing or discussing the radiological and nonradiological chemical properties or composition of such materials which had the potential to be Released from SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

32. Provide all photos, videos, or audio recordings depicting or otherwise representing the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

33. Provide all photos, videos, or audio recordings depicting or otherwise representing the Radioactive Material at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

34. Produce all plans, permits, procedures, manuals, or best practices related to the handling and/or disposal of any waste or by-products created at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

35. Produce all documents evidencing the cleanup of any waste or containment, disposal site, or waste storage facility and/or holding facilities at and within five miles of the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

36. Produce all documents evidencing the location, design, licensing and/or permitting, and origin of wastes related to the Activities and/or Radioactive Material at the SLAPS, Latty Avenue

13

Site, and/or Coldwater Creek sites.

37. Produce all documents evidencing and/or comprising any policies and procedures for conducting cleanups, pre- and post-cleanup investigations, worker training, effluent Release monitoring, transportation, and security with regard to radiological and non-radiological wastes.

38. Produce all internally generated or consultant test results and/or consultant reports related to the environmental conditions at or around the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

39. All lists of indexes of publications or treatises relating to operations at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

40. Provide documents relating to any real or potential violations or deficiencies ever issued, whether released internally or externally, in relation to any environmental or worker safety permit held by you for the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

41. Produce the operating budget, income statement, or other financial reporting documents for the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

42. Produce your income statements and balance sheets and documents establishing the net worth for the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites and the corporation which owns the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

43. Produce all documents including but not limited to reports, notes, memoranda, and correspondence relating to actual or recommended capital expenditures, capital expenditure requests, and/or budget requests made by management of the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

44. Produce copies of any insurance policies or claims filed by you related in any way to the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

45. Produce copies of all documents concerning operating procedures for any activities

14

relating to your operations in or around St. Louis, Missouri that involve any Radioactive Material, and all documents related to safety measures and guidelines which you have provided to your employees regarding the safe handling and storage of Radioactive Material or the Activities, including all operating manuals.

46. Produce all documents related to the detection or discovery of Radioactive Material or radioactive wastes, or wastes of any kind, in HVAC systems, HVAC filters or devices, or in stacks, discharge devices, or air or dust-handling conveyances at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

47. Produce all documents related to the testing, inspection, repair, or restoration of any stacks, discharge devices, vents, or other air and water emission conveyances at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites. Include documents related to proposed or implemented upgrades to your facilities in and around St. Louis, Missouri.

48. Produce all documents related to mass balances or inventories of Radioactive Materials and/or radiological materials at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

49. Produce all documents related to the discussion of lost or unaccounted for radiological materials, wastes, Radioactive Material, or other hazardous materials at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

50. Produce all documents and data concerning any tests performed by you outside of the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites perimeter or on any property outside the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

51. Produce copies of all Material Data Sheets (MSDS) that reference or concern any Radioactive Material, as well as any documents related to said Material Data Sheets.

52. Produce all health physicists'— including those health physicists at the SLAPS, Latty

Avenue Site, and/or Coldwater Creek sites and those offsite— plans, procedures, and protocols in your possession concerning any of the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites's operations or anyone's safety or wellbeing in connection with the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites' operations.

53. Produce audio and video recordings or all interview notices or press releases where you provide information to the press or public concerning the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

54. Produce all posts or recordings you made on any social media platform related to the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

55. Produce all documents related to the disposal, either onsite at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites or offsite, of Radioactive Material, radiological material, or other hazardous substances.

56. Produce copies of all documents, including any indexes, that describe or otherwise concern your document retention policy with respect to documents concerning the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites and its operations prior to you becoming the owner and operator of the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

57. Produce copies of any documents that identify any of the documents concerning the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites and its operations prior to you becoming the owner and operator of the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites, or that identify the custodian of any such documents.

58. Provide all documents not already produced that concern the Activities, Radioactive Materials, or other hazardous substances at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

59. Provide all documents not already produced that support any of the allegations in the

16

Petition, in your Answer and (if applicable) Affirmative Defenses, or in any other pleadings or motions filed in the above-captioned matter.

60. Provide all worker's compensation claims or other claims and/or lawsuits made against you arising from the Radioactive Material.

Dated:  January 31, 2020                                  Respectfully submitted,

                                                   KEANE LAW LLC

/s/ *Nathaniel R. Carroll*
Ryan A. Keane, #62112
Nathaniel R. Carroll, #67988
7777 Bonhomme Ave., Suite 1600
St. Louis, MO 63105
Ph:    314-391-4700
Fax:  314-244-3778
ryan@keanelawllc.com
nathaniel@keanelawllc.com
*Attorneys for Plaintiffs and Proposed Class*

17