# EXHIBIT I

## IN THE TWENTY-FIRST JUDICIAL CIRCUIT COURT
## ST. LOUIS COUNTY, MISSOURI

TAMIA BANKS, et al., on behalf of themselves )
and all others similarly situated,            )
                                            )
        Plaintiffs,                    )
                                            )
vs.                                            )      Cause No. 18SL-CC00617-01
                                            )
COTTER CORPORATION,             )
COMMONWEALTH EDISON COMPANY,   )
DJR HOLDINGS, INC. f/k/a FUTURA      )
COATINGS, INC., and ST. LOUIS AIRPORT )
AUTHORITY, A DEPARTMENT OF THE    )
CITY OF ST. LOUIS,                  )
                                            )
        Defendants.                 )

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT COMMONWEALTH EDISON COMPANY

       Plaintiffs Tamia Banks, Rev. Ronnie Hooks, Barbara Hooks, Joel Hogan, Kenneth Niebling, Kendall Lacy, Tanja Lacy, Willie Clay, Bobbie Jean Clay, Angela Statum, and Missouri Rentals Company, LLC, on behalf of themselves and all others similarly situated, by and through their attorneys, and pursuant to Rule 58.01 of the Missouri Rules of Civil Procedure, hereby propound the following Request for Production of Documents on Defendant, COMMONWEALTH EDISON COMPANY ("ComEd"), to be answered within thirty (30) days after service thereof.

### Instructions

       1.      As used herein, all terms shall have the fullest and broadest meaning accorded to those terms and shall have the meaning generally ascribed to such terms in common parlance.

       2.      The use of the singular form of any word includes the plural and vice versa. The masculine includes the feminine and neutral genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

       3.      All answers are to be made separately and fully and an incomplete or evasive answer

is a failure to answer. Where an interrogatory asks for an answer in more than one part, separate the parts in Defendant's answer accordingly so that each part is clearly set out and understandable.

4.     Where Defendant's knowledge or information in its possession is requested, such request includes knowledge or information in possession of Defendant's representatives, employees, agents, independent contractors, insurers, and, unless privileged, Defendant's attorneys.

5.     In you have only incomplete knowledge of the answer to an interrogatory, please answer to the extent of Defendant's knowledge and state specifically what part or area of the interrogatory you have only incomplete knowledge of and identify the person(s) who does or might have additional knowledge or information to complete the answer.

6.     The interrogatories shall be continuing in nature so as to require supplemental responses that becomes known or that come into Defendant's possession, custody, or control at any time before a final judgment in this action.

7.     If you contend that any responsive data is not reasonably accessible because of undue burden or cost, you must advise us of your position and explain specifically what data is being withheld and why.

8.     If you consider any of these interrogatories ambiguous or unduly burdensome in any way, inform the undersigned, in writing, of the perceived ambiguity or basis of your belief that the request is ambiguous or burdensome. If appropriate, counsel for Plaintiffs may modify or rephrase the interrogatory in a reply letter to further clarify, if appropriate. Any such reply letter may be treated as a modification of the interrogatory.

9.     If any responsive information, document, or thing is withheld on the ground that it is privileged or otherwise confidential, that information, document, or thing shall be described with sufficient particularity (including date, author, recipient(s), subject matter, and basis for privilege or confidentiality) to permit a determination as to whether there is demonstrated entitlement to and

application for the protection invoked.

10.     If any documents to be identified have been destroyed, lost, or otherwise discarded, your answers to that Interrogatory should identify such document(s) as completely as possible and provide the following information with respect to each such document(s):

     a. The last known custodian(s);
     b. The date of disposal;
     c. The method of disposal;
     d. The person authorizing or directing the disposal;
     e. The person disposing of the document(s);
     f. The reason for the disposal;
     g. Whether any copy(ies) of the document(s) exist, including any electronic copies of said document(s) or electronic backup of any information contained in said documents); and
     h. Whether any documents or other records exist relating to the disposition of said document(s).

11.     Unless otherwise specified in a particular interrogatory, the time period covered by each Interrogatory runs from January 1, 1967 to the present.

## Definitions

1.     "Defendant," "you," "yourself," or "your" shall mean the Defendant, Commonwealth Edison Company ("ComEd"), as well as its directors, shareholders, employees, officers, contractors, agents, owners, parent, subsidiaries, other affiliates, and anyone acting on its behalf.

2.     "Plaintiff" or "Plaintiffs" shall mean the Plaintiffs, Tamia Banks, Rev. Ronnie Hooks, Barbara Hooks, Joel Hogan, Kenneth Niebling, Kendall Lacy, Tanja Lacy, Willie Clay, Bobbie Jean Clay, Angela Statum, and Missouri Rentals Company, LLC.

3.     "Petition" shall mean the Second Amended Class Action Petition filed against you in the Circuit Court for St. Louis County, Missouri, under Case no. 18SL-CC00617.

4.     "Contamination" shall refer to your contamination of Plaintiffs' Homes and of the property located in St. Louis, Missouri as alleged more fully in the Petition.

5.     "SLAPS" refers to the St. Louis Airport Site as described in Paragraphs 65 through 66

3

of the Petition.

6.      "Futura Coating Site" refers to the property located at 9200 Latty Avenue in Hazelwood, Missouri

7.       "HISS" refers to the Hazelwood Interim Storage Site property located at 9170 Latty Avenue in Hazelwood, Missouri.

8.      "Latty Avenue Site" refers to the properties located at 9200 Latty Avenue (Futura Coating Site) and 9170 Latty Avenue (HISS) in Hazelwood, Missouri.

9.      "Coldwater Creek" refers to the tributary which runs through North St. Louis County and flows into the Missouri River.

10.     "Radioactive Material" refers to: 1) any material spontaneously emitting energetic particles by the disintegration of their atomic nuclei, whether naturally occurring or artificial; 2) residues containing uranium and/or thorium; 3) uranium and/or thorium mill tailings; 4) any materials that you produce, process, or dispose of in connection with your possession and/or storage of residues containing uranium and/or thorium, uranium and/or thorium mill tailings or other uranium ore at or around SLAPS, Latty Avenue Site, and/or Coldwater Creek; and/or 5) any other polluting or poisonous substance used or stored at SLAPS, Latty Avenue Site, and/or Coldwater Creek in any operation.

11.     "Activities" refers broadly to your possession and/or storage of Radioactive Material at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites, including, as alleged in the Second Amended Petition: 1) the purchase and handling of Radioactive Material; and/or 2) the storage of the Radioactive Material.  "Activities" also refers to the handling, storage, disposal, treatment, processing or testing of any emissions or other by-products resulting from the production, transportation, handling, storage, and disposal of residues containing Radioactive Material.

12.     "Release(s)" refers to the release of any material from the SLAPS, Latty Avenue Site,

4

and/or Coldwater Creek sites, including but not limited to any releases by air, surface water, soil, or sewers.

13.     "Documents" is an all-inclusive term referring to any writing and/or recorded or graphic matter, however produced or reproduced. The term "documents" includes, without limitation, agreements, contracts, leases, addenda thereto, amendments, letters, emails, text messages, correspondence, memoranda, inter-office communications, intra-office communications, minutes, reports, notes, pamphlets, reports, schedules, analyses, drawings, pictures, tables, graphs, photographs, videotapes, charts, flow charts, papers, program specifications, contract specifications, contract proposals, time cards, sketches, indices, data sheets, data processing cards, data processing tapes, data processing files, computer tapes or printouts, computer disks, computer diskettes, sound recordings or any types, records of telephone or other conversations or meetings telex messages, maps, surveys, books of account, ledgers, invoices, receipts, purchase orders, pleadings, questionnaires, contracts, bills, checks, check stubs, check books, studies, books, working papers, drafts, diaries, records, vouchers, logs, proposals, telegrams, films, fax material, computer programs including the software thereof, or any other writings however produced or reproduced including any non-identical draft or copy thereof matter tangible or retrievable by any means presently technologically available. The term "documents" also includes any preliminary notes and drafts of the above-mentioned matters, in whatever form they exist; for example, printed, typed, longhand, shorthand, on paper, paper tape, tabulating cards, ribbon, blueprints, magnetic tapes, including but not limited to audiotapes, compact discs, microfilm, film, motion picture film, phonographic records, dictographic records, computer data files, hard discs of computer, computer diskettes or any other form by which said matter can be retrieved and/or obtained.

14.     "Document" shall also mean and include any "Electronically Stored Information" ("ESI") which shall include, but is not limited to digital communications (e.g., e-mail, voice mail,

instant messaging, text messaging); word processed documents (e.g., Word or WordPerfect documents and drafts); spreadsheets and tables (e.g., Excel or Lotus 123 worksheets); accounting application data (e.g., QuickBooks, Money, Peachtree data files); image and facsimile files  (e.g., .PDF, .TIFF, .JPG, .GIF images); sound recordings (e.g., .WAV and .MP3 files); video and animation (e.g., .AVI and .MOV files); databases (e.g., Access, Oracle, SQL Server data, SAP); contact and relationship management data (e.g., Outlook, ACT); calendar and diary application data (e.g., Outlook PST, Yahoo, blog tools); online access data (e.g., Temporary Internet Files, History, Cookies); presentations (e.g., PowerPoint, Corel Presentations); network access and server activity logs; project management application data; computer aided design/drawing files; and, backup and archival files (e.g., Zip, .GHO files). The word "document" shall be construed to the furthest extent permissible under the Missouri Rules of Civil Procedure.

15.     "Identify" (a) when used with respect to a natural person shall mean to state the person's (1) full name, (2) last known home or business address, (3) last known home or business telephone numbers, (4) last known employer, (5) last known title or occupation, (6) if the person's present whereabouts are unknown, all information that reasonably may be helpful in locating the person (for example, spouse's name, children's names and addresses and the names and addresses of other known relatives), and (7) that person's relationship, if any, to Defendant; (b) when used with respect to a corporation or business entity other than an a natural person shall mean to state that entity's name, address of its principal place of business and telephone number; (c) when used with respect to a document shall mean to state the title or name of the document (or provide a brief description thereof), the author(s), the recipient(s), the present custodian, and that the date the document was created; and (d) when used with respect to communication shall mean to identify the contents of the communications, the date and place the communication was made, the type of communication (written correspondence, email, phone conversation, etc.), and the identity of each person participating in and

6

present for the communication.

16.     "Person" shall refer to any natural person or any corporation, partnership, limited liability company, limited partnership, joint venture, firm, association, proprietorship or any other business, legal, or governmental entity or association.

17.     Whenever the expression "and/or" is used in these Interrogatories, the information called for should be set out both in the conjunctive and disjunctive and, whenever the information is set out in the disjunctive, it should be given separately for each and every element sought.

18.     "Do," "does," "is," "are" and other verbs used in the active voice are also intended to refer to "did," "was," "were" and other verbs used in the past tense.

19.     "Pertaining to" or "relating to" or "concerning" shall mean referring to, reflecting, or related in any manner, logically, factually, indirectly or directly to the matter addressed.

20.     "Communication" shall mean any transmission of words or thoughts between or among two or more persons, and includes, but is not limited to, spoken words, conversations, conferences, discussions, talks and reports, whether transmitted in person or by any electronic devices such as telephone or radio, and documents as defined above.

## **Interrogatories**

1.     Identify all person(s) answering, assisting or participating in preparing these Answers to Plaintiffs' First Set of Interrogatories.

2.     List all civil, criminal, or regulatory actions or investigations related thereto, including but not limited to notices, comments, correspondence, or reports related in any way to the potential for and/or actual violations or permit application denials regarding any act or omission concerning environmental issues related to the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites or offsite areas around the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites. In connection therewith list the date and nature of any reports made by you to any government agencies or to the press related

7

to Contamination or to your Radioactive Material at or around the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites.

3.      Do you have any indemnification or any other agreement(s) with the United States government or insurance policies that you assert is potentially applicable to Plaintiffs' allegations as set forth in the Complaint? If so, identity any such agreement.

4.      Have you ever made any insurance claims concerning any environmental liability, Activities or Radioactive Material at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites, or the Contamination? If so, state the date, nature, amount, and insurer of each such claim.

5.      Identity and describe any public notices or other communications you have made with individuals residing in St. Louis concerning the Activities at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites or concerning Radioactive Material at the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites, including the identity of any publicists or public relations firms retained by you.

6.      State whether you have ever cleaned, removed, or otherwise remediated contamination and/or Radioactive Material from any private or public property located outside the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites, including but not limited to remediation of residences or other private or public property potentially impacted by the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites' operations.  If so, state the date of such "clean up," the material that was removed, identify all persons involved, and identify the reason for such "clean up."

7.      Identify any voluntary remediation and/or brownfield agreements, consent decrees, covenants, or other arrangements with any local, state, or federal governments regarding the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites that you performed and/or have entered into. In identifying, include the nature of the agreement or arrangement and the current custodian of that document.

8.      State the date, place, and circumstances under which you first became aware of the potential presence of Radioactive Material on Plaintiffs' property or elsewhere outside the fence which secures the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites, and identity any procedures or actions you implemented to address your awareness.

9.      If you contend that you did not cause Radiative Material to be present outside the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites or on Plaintiffs' property, state the basis of such contention.

10.      If you contend that federal or state regulations set "dose limits" or define an "actionable standard" for Plaintiffs' claims arising from the Contamination, identify all such federal or state regulations and state the basis of your contention that they apply.

11.      For all documents concerning the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites and their operations prior to you becoming the owner and operator of Defendant Cotter Corporation and/or the SLAPS, Latty Avenue Site, and/or Coldwater Creek sites, identify the current location of those documents and their current custodian, and any indexes for said documents.

12.      With respect to your affirmative defenses, if any, please identify the factual basis, if any, for your defense(s). If you plead the affirmative defense of third-party fault and contend that the Contamination was the fault in whole or in part of a third-party, please identify the third- party and specify the exact factual basis which supports your contention.

Dated:  January 31, 2020                          Respectfully submitted,

                                                  KEANE LAW LLC

                                                  /s/ Nathaniel R. Carroll
                                                  Ryan A. Keane, #62112
                                                  Nathaniel R. Carroll, #67988
                                                  7777 Bonhomme Ave., Suite 1600
                                                  St. Louis, MO 63105
                                                  Ph:   314-391-4700
                                                  Fax:  314-244-3778

9

ryan@keanelawllc.com
nathaniel@keanelawllc.com
*Attorneys for Plaintiffs and Proposed Class*