# EXHIBIT J

## IN THE TWENTY-FIRST JUDICIAL CIRCUIT COURT
## ST. LOUIS COUNTY, MISSOURI

TAMIA BANKS, REV. RONNIE HOOKS,      )
BARBARA HOOKS, JOEL HOGAN,           )
KENNETH NIEBLING, KENDALL LACY,      )
TANJA LACY, WILLIE CLAY,             )
BOBBIE JEAN CLAY, ANGELA STATUM,     )
and MISSOURI RENTALS COMPANY, LLC,   )
on behalf of themselves and all others similarly )   Cause No. 18SL-CC00617-01
situated,                            )
                                     )
      Plaintiffs,                 )
                                     )
vs.                                  )
                                     )
COTTER CORPORATION,                  )
COMMONWEALTH EDISON COMPANY,         )
DJR HOLDINGS, INC. f/k/a FUTURA      )
COATINGS, INC., and ST. LOUIS AIRPORT )
AUTHORITY, A DEPARTMENT OF THE       )
CITY OF ST. LOUIS,                   )
                                     )
      Defendants.                 )

### PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANT COMMONWEALTH EDISON COMPANY

Plaintiffs Tamia Banks, Rev. Ronnie Hooks, Barbara Hooks, Joel Hogan, Kenneth Niebling, Kendall Lacy, Tanja Lacy, Willie Clay, Bobbie Jean Clay, Angela Statum, and Missouri Rentals Company, LLC, on behalf of themselves and all others similarly situated, by and through their attorneys, and pursuant to Rule 58.01 of the Missouri Rules of Civil Procedure, hereby propound the following Request for Production of Documents on Defendant, COMMONWEALTH EDISON COMPANY, to be answered within thirty (30) days after service thereof.

### Instructions

1.     As used herein, all terms shall have the fullest and broadest meaning accorded to

those terms and shall have the meaning generally ascribed to such terms in common parlance.

2.      The use of the singular form of any word includes the plural and vice versa. The masculine includes the feminine and neutral genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

3.      All answers are to be made separately and fully and an incomplete or evasive answer is a failure to answer. Where a Request for Production asks for an answer in more than one part, separate the parts in Defendant's answer accordingly so that each part is clearly set out and understandable.

4.      Where Defendant's knowledge or information in its possession is requested, such request includes knowledge or information in possession of Defendant's representatives, employees, agents, independent contractors, insurers, and, unless privileged, Defendant's attorneys.

5.      In you have only incomplete knowledge of the answer to a Request for Production, please answer to the extent of Defendant's knowledge and state specifically what part or area of the Request for Production you have only incomplete knowledge of and identify the person(s) who does or might have additional knowledge or information to complete the answer.

6.      The Requests for Production shall be continuing in nature so as to require supplemental responses that becomes known or that come into Defendant's possession, custody, or control at any time before a final judgment in this action.

7.      If you contend that any responsive data is not reasonably accessible because of undue burden or cost, you must advise us of your position and explain specifically what data is being withheld and why.

8.    If you consider any of these Requests for Production ambiguous or unduly burdensome in any way, inform the undersigned, in writing, of the perceived ambiguity or basis of your belief that the request is ambiguous or burdensome. If appropriate, counsel for Plaintiffs may modify or rephrase the Request for Production in a reply letter to further clarify, if appropriate. Any such reply letter may be treated as a modification of the Request for Production.

9.    If any responsive information, document, or thing is withheld on the ground that it is privileged or otherwise confidential, that information, document, or thing shall be described with sufficient particularity (including date, author, recipient(s), subject matter, and basis for privilege or confidentiality) to permit a determination as to whether there is demonstrated entitlement to and application for the protection invoked.

10.    If any documents to be identified have been destroyed, lost, or otherwise discarded, your answers to that Request for Production should identify such document(s) as completely as possible and provide the following information with respect to each such document(s):

    a. The last known custodian(s);
    b. The date of disposal;
    c. The method of disposal;
    d. The person authorizing or directing the disposal;
    e. The person disposing of the document(s);
    f. The reason for the disposal;
    g. Whether any copy(ies) of the document(s) exist, including any electronic copies of said document(s) or electronic backup of any information contained in said documents); and
    h. Whether any documents or other records exist relating to the disposition of said document(s).

11.    Unless otherwise specified in a particular Request for Production, the time period covered by each Request for Production runs from January 1, 1967 to the present.

## Definitions

1.      "Defendant," "you," "yourself," or "your" shall mean the Defendant, Commonwealth Edison Company, as well as its directors, shareholders, employees, officers, contractors, agents, owners, parent, subsidiaries, other affiliates, and anyone acting on its behalf.

2.      "Plaintiff" or "Plaintiffs" shall mean the Plaintiffs, Tamia Banks, Rev. Ronnie Hooks, Barbara Hooks, Joel Hogan, Kenneth Niebling, Kendall Lacy, Tanja Lacy, Willie Clay, Bobbie Jean Clay, Angela Statum, and Missouri Rentals Company, LLC.

3.      "Petition" shall mean the Second Amended Class Action Petition filed against you in the Circuit Court for St. Louis County, Missouri, under Case no. 18SL-CC00617.

4.      "Latty Avenue Site" refers to the properties located at 9200 Latty Avenue (Futura Coating Site) and/or 9170 Latty Avenue (HISS) in Hazelwood, Missouri.

5.      "HISS" refers to the Hazelwood Interim Storage Site property located at 9170 Latty Avenue in Hazelwood, Missouri.

6.      "Futura Coating Site" refers to the property located at 9200 Latty Avenue in Hazelwood, Missouri.

7.      "Coldwater Creek" refers to the tributary which runs through North St. Louis County and flows into the Missouri River.

8.      "Radioactive Material" refers to: 1) any material spontaneously emitting energetic particles by the disintegration of their atomic nuclei, whether naturally occurring or artificial; 2) residues containing uranium and/or thorium; and/or 3) uranium and/or thorium mill tailings.

9.      "Due Diligence" shall mean any investigation, audit, valuation, or review.

10.     "Documents" is an all-inclusive term referring to any writing and/or recorded or

graphic matter, however produced or reproduced. The term "documents" includes, without limitation, agreements, contracts, leases, addenda thereto, amendments, letters, emails, text messages, correspondence, memoranda, inter-office communications, intra-office communications, minutes, reports, notes, pamphlets, reports, schedules, analyses, drawings, pictures, tables, graphs, photographs, videotapes, charts, flow charts, papers, program specifications, contract specifications, contract proposals, time cards, sketches, indices, data sheets, data processing cards, data processing tapes, data processing files, computer tapes or printouts, computer disks, computer diskettes, sound recordings or any types, records of telephone or other conversations or meetings telex messages, maps, surveys, books of account, ledgers, invoices, receipts, purchase orders, pleadings, questionnaires, contracts, bills, checks, check stubs, check books, studies, books, working papers, drafts, diaries, records, vouchers, logs, proposals, telegrams, films, fax material, computer programs including the software thereof, or any other writings however produced or reproduced including any non-identical draft or copy thereof matter tangible or retrievable by any means presently technologically available. The term "documents" also includes any preliminary notes and drafts of the above-mentioned matters, in whatever form they exist; for example, printed, typed, longhand, shorthand, on paper, paper tape, tabulating cards, ribbon, blueprints, magnetic tapes, including but not limited to audiotapes, compact discs, microfilm, film, motion picture film, phonographic records, dictographic records, computer data files, hard discs of computer, computer diskettes or any other form by which said matter can be retrieved and/or obtained.

11.     "Document" shall also mean and include any "Electronically Stored Information" ("ESI") which shall include, but is not limited to digital communications (e.g., e-mail, voice mail, instant messaging, text messaging); word processed documents (e.g., Word or WordPerfect

documents and drafts); spreadsheets and tables (e.g., Excel or Lotus 123 worksheets); accounting application data (e.g., QuickBooks, Money, Peachtree data files); image and facsimile files (e.g., .PDF, .TIFF, .JPG, .GIF images); sound recordings (e.g., .WAV and .MP3 files); video and animation (e.g., .AVI and .MOV files); databases (e.g., Access, Oracle, SQL Server data, SAP); contact and relationship management data (e.g., Outlook, ACT); calendar and diary application data (e.g., Outlook PST, Yahoo, blog tools); online access data (e.g., Temporary Internet Files, History, Cookies); presentations (e.g., PowerPoint, Corel Presentations); network access and server activity logs; project management application data; computer aided design/drawing files; and, backup and archival files (e.g., Zip, .GHO files). The word "document" shall be construed to the furthest extent permissible under the Missouri Rules of Civil Procedure.

12.     "Identify" (a) when used with respect to a natural person shall mean to state the person's (1) full name, (2) last known home or business address, (3) last known home or business telephone numbers, (4) last known employer, (5) last known title or occupation, (6) if the person's present whereabouts are unknown, all information that reasonably may be helpful in locating the person (for example, spouse's name, children's names and addresses and the names and addresses of other known relatives), and (7) that person's relationship, if any, to Defendant; (b) when used with respect to a corporation or business entity other than an a natural person shall mean to state that entity's name, address of its principal place of business and telephone number; (c) when used with respect to a document shall mean to state the title or name of the document (or provide a brief description thereof), the author(s), the recipient(s), the present custodian, and that the date the document was created; and (d) when used with respect to communication shall mean to identify the contents of the communications, the date and place the

communication was made, the type of communication (written correspondence, email, phone conversation, etc.), and the identity of each person participating in and present for the communication.

13.     "Person" shall refer to any natural person or any corporation, partnership, limited liability company, limited partnership, joint venture, firm, association, proprietorship or any other business, legal, or governmental entity or association.

14.     Whenever the expression "and/or" is used in these Requests for Production, the information called for should be set out both in the conjunctive and disjunctive and, whenever the information is set out in the disjunctive, it should be given separately for each and every element sought.

15.     "Do," "does," "is," "are" and other verbs used in the active voice are also intended to refer to "did," "was," "were" and other verbs used in the past tense.

16.     "Pertaining to" or "relating to" or "concerning" shall mean referring to, reflecting, or related in any manner, logically, factually, indirectly or directly to the matter addressed.

17.     "Communication" shall mean any transmission of words or thoughts between or among two or more persons, and includes, but is not limited to, spoken words, conversations, conferences, discussions, talks and reports, whether transmitted in person or by any electronic devices such as telephone or radio, and documents as defined above.

## SECOND SET OF REQUESTS FOR PRODUCTION

1.     Produce all documents and communications by or to you with Cotter Corporation that relate to the Latty Avenue Site, Coldwater Creek and/or the Radioactive Material stored and processed by Cotter Corporation at the Latty Avenue Site.

2.     Produce all documents and communications by or to you with Dean Jarboe that

relate to the Latty Avenue Site, Coldwater Creek and/or the Radioactive Material stored and processed by Cotter Corporation at the Latty Avenue Site.

3.      Produce all documents and communications by or to you with Ryckman, Edgerley, Tomlinson & Associates that relate to the Latty Avenue Site, Coldwater Creek and/or the Radioactive Material stored and processed by Cotter Corporation at the Latty Avenue Site.

4.      Produce all documents and communications by or to you with the Atomic Energy Commission that relate to the Latty Avenue Site, Coldwater Creek and/or the Radioactive Material stored and processed by Cotter Corporation at the Latty Avenue Site.

5.      Produce all documents and communications by or to you with the Nuclear Regulatory Commission that relate to the Latty Avenue Site, Coldwater Creek and/or the Radioactive Material stored and processed by Cotter Corporation at the Latty Avenue Site.

6.      Produce all documents or communications by or to you with the Department of Energy that relate to the Latty Avenue Site, Coldwater Creek and/or the Radioactive Material stored and processed by Cotter Corporation at the Latty Avenue Site.

7.      Produce all documents or communications by or to you with the United States Army Corp. of Engineers that relate to the Latty Avenue Site, Coldwater Creek and/or the Radioactive Material stored and processed by Cotter Corporation at the Latty Avenue Site.

8.      Produce all documents in your possession related to any due diligence undertaken by you before purchasing Cotter Corporation in 1974 which was related to the Radioactive Material stored and processed by Cotter at the Latty Avenue Site.

9.      Produce all documents in your possession that were relied upon by ComEd when determining whether and for how much to buy Cotter Corporation.

10.     Produce all documents and communications by or to George Rifakes relating to

the Latty Avenue Site, Coldwater Creek and/or the Radioactive Material stored and processed by Cotter Corporation at the Latty Avenue Site.

11.     Produce all documents authored by or in the possession of George Rifakes, that relate to the purchase or sale of Cotter Corporation, and/or that relate to the Latty Avenue Site, Coldwater Creek, and/or the Radioactive Material stored and processed by Cotter Corporation at the Latty Avenue Site.

12.     Produce your organizational charts for the two years preceding your purchase of Cotter Corporation through the time you sold Cotter Corporation.

13.     Produce all documents and communications in your possession relating to the Latty Avenue Site, Coldwater Creek and/or the Radioactive Material stored and processed by Cotter Corporation at the Latty Avenue Site.

14.     Produce all of "ComEd's records" referenced in your fifth preliminary objection to Plaintiffs' First Set of Interrogatories.

15.     Produce all of the "documents, records, and information of ComEd" referenced in Brian Buck's Declaration (Exhibit 3 to ComEd's Motion to Dismiss for Lack of Personal Jurisdiction).

16.     Produce all documents in your possession related to the disposal of radioactive materials in the Bridgeton/West Lake Landfill.

17.     Produce all documents or materials related to or responsive to Plaintiffs' Second Set of Interrogatories or your responses thereto.

Dated:  September 4, 2020                              Respectfully submitted,

                                                      KEANE LAW LLC

                                                      /s/ Ryan Keane
                                                      Ryan A. Keane, #62112

7777 Bonhomme Ave., Suite 1600
St. Louis, MO 63105
Ph:   314-391-4700
Fax:  314-244-3778
ryan@keanelawllc.com
*Attorney for Plaintiffs and Proposed Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Plaintiffs' Second Requests for Production to Defendant Commonwealth Edison Company was served via electronic mail in Microsoft Word format on this 4[h] day of September, 2020 on all counsel of record.

/s/ *Ryan A. Keane*