IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAMIA BANKS, *et al.*, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COTTER CORPORATION, *et al.*<br><br>Defendants. | **Civil Action No. 4:20-CV-01227** |
| COTTER CORPORATION (N.S.L.)<br><br>Third-Party Plaintiff<br><br>v.<br><br>MALLINCKRODT LLC, *et al*.,<br><br>Third-Party Defendants | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO SEVER AND REMAND ALL NON THIRD-PARTY CLAIMS AND TO STAY THIRD PARTY CLAIMS**

Table of Contents

I.    Introduction ........................................................................................................... 1

II.   The Only Potential Avenue for Removal of Cotter's Third-Party Claim Against
      Mallinckrodt is Under the Federal Officer Removal Statute - Application of the
      Price Anderson Act is Not at Issue ...................................................................... 2

      A.    *Strong II* is on Point and Demonstrates that Removal of a Third-Party
            Contribution Claim Based on a PAA Preemption Argument is Not
            Permitted ................................................................................................... 2

      B.    Plaintiffs' Position Has Not Changed ...................................................... 4

III.  Joinder Has Not Been Implicated in Plaintiffs' Claims, Nor is Mallinckrodt an
      Essential Party Prohibiting Severance of Cotter's Third-Party Claim for
      Contribution .......................................................................................................... 6

IV.   The Prejudice and Unfairness to Plaintiffs Should Cotter's Third-Party Claims
      Not Be Severed and Remanded Outweighs Any "Harms" Claimed on the Part of
      Cotter .................................................................................................................... 9

V.    Undue Delay Caused by Mallinckrodt's Bankruptcy Makes This an Exceptional
      Case Under 28 U.S.C. § 1367(c)(4) ................................................................... 11

VI.   Plaintiffs Have Waived Neither Their Claim that Supplemental Jurisdiction
      Should be Denied Nor Mallinckrodt's Claim of Subject Matter Jurisdiction ..... 13

VII.  Decision to Sever and Remand is Not Directly Appealable .............................. 13

VIII. Conclusion and Relief Requested ....................................................................... 13

Table of Authorities

Page(s)

Cases

*Groh v. JPMorgan Chase Bank*
   2014 WL 4930649 (W.D. Mo. Oct. 1, 2014) .......................................................... 5

*Banks v. Cotter Corp.*,
   No. 4:18-CV-00624 JAR, 2019 WL 1426259 (E.D. Mo. Mar. 29, 2019) ............ 1, 9, 11

*Campbell-McCormick, Inc. v. Oliver*,
   874 F.3d 390 (4th Cir. 2017) ............................................................................... 13

*CITY OF ST. LOUIS, Missouri, Plaintiff, v. Henry J. CERNICEK, et al., Defendants, BERETTA
   U.S.A. CORP. et al., Defendants/Third-Party Pl*aintiffs,, No. 400-CV-1895,
   2001 WL 34134733 (E.D. Mo. Sept. 25, 2001) .................................................... 8

*Copperleaf of Kansas City Home Owners Ass'n, Inc. v. Travelers Cas. & Sur. Co. of Am.*,
   No. 17-0749-CV-W-BP, 2017 WL 9802862 (W.D. Mo. Nov. 27, 2017) .................................. 8
*Crocker v. Borden, Inc.*,
   852 F. Supp. 1322 (E.D. La. 1994) ............................................................................................. 11
*Halbrook v. Mallinckrodt, LLC*,
   888 F.3d 971 (8th Cir. 2018) ...................................................................................................... 11
*Hemme v. Bharti*,
   183 S.W.3d 593 (Mo. 2006) ......................................................................................................... 8
*Hoffmann v. Empire Mach. & Tools Ltd.*,
   No. 4:10-CV-00832-NKL, 2010 WL 11619084 (W.D. Mo. Dec. 7, 2010) ................................ 5
*Lewis v. Windsor Door Co., a Div. of Ceco Corp.*,
   926 F.2d 729 (8th Cir. 1991) ........................................................................................................ 3
*Lowe v. Norfolk & W. Ry. Co.*,
   753 S.W.2d 891 (Mo. 1988) ......................................................................................................... 8
*Madden v. Able Supply Co.*,
   205 F. Supp. 2d 695 (S.D. Tex. 2002) ........................................................................................ 11
*Magnuson by Mabe v. Kelsey-Hayes Co.*,
   844 S.W.2d 448 (Mo. Ct. App. 1992) ........................................................................................ 10
*Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers &
   Participating* Employers,
   571 U.S. 177, 134 S. Ct. 773, 187 L. Ed. 2d 669 (2014) ............................................................ 13
*Safeway Stores, Inc. v. City of Raytown*,
   633 S.W.2d 727 (Mo. 1982) ....................................................................................................... 10
*State Farm Mut. Auto. Ins. Co. v. McQuinn*,
   No. 16-6116-CV-SJ-REL, 2017 WL 6403027 (W.D. Mo. Jan. 30, 2017) ................................. 8
*Strong v. Republic Servs., Inc.*,
   No. 4:18CV02043JCH, 2019 WL 1436995 (E.D. Mo. Apr. 1, 2019) .................................... 2, 3
*Temple v. Synthes Corp.*,
   498 U.S. 5, 111 S. Ct. 315, 112 L. Ed. 2d 263 (1990) ................................................................. 7
*United States v. Kramer*,
   770 F. Supp. 954 (D.N.J. 1991) .................................................................................................. 10

Statutes

28 U.S.C. 1367 ..................................................................................................................................... 13
28 U.S.C. § 1291 .................................................................................................................................. 13
28 U.S.C. § 1367(c)(2) and § 1367(c)(4) ........................................................................................ 1, 4
28 U.S.C. § 1367(c)(4) .................................................................................................................. 10, 11
28 U.S.C. § 1441 ........................................................................................................................... 1, 2, 3
28 U.S.C. § 1442 .................................................................................................................... 2, 4, 7, 13
28 U.S.C. §§ 1331, 1332, 1441 and 1446 ............................................................................................ 3

Rules

Fed. R. Civ. P. 14 ............................................................................................................................... 6, 7
Fed. R. Civ. P. 19 ............................................................................................................................... 6, 7
Fed. R. Civ. P. 19(a) .......................................................................................................................... 6, 7

Fed. R. Civ. P. 42(a) .................................................................................................................. 10
Mo. Sup. Ct. R. 52.04 ................................................................................................................ 6
Mo. Sup. Ct. R. 52.11 ................................................................................................................ 6
Mo. Sup. Ct. R. 52.11(a) ............................................................................................................ 6

Other Authorities

6 Fed. Prac. & Proc. Civ. § 1442 (3d ed.) .................................................................................. 7
7 Fed. Prac. & Proc. Civ. § 1609 (3d ed.) .................................................................................. 6

## I.   Introduction

The correctness of Plaintiffs' present motion to sever and remand is easily determined by the opposition to it. This is because none of the five opposing parties mentioned, let alone addressed, Plaintiffs' primary argument against exercising supplemental jurisdiction - that the state law claims predominate. They deflect from their oversight by instead relying on the incorrect legal theory that a third-party defendant can remove a case under 28 U.S.C. § 1441 arguing preemption under the Price Anderson Act ("PAA").

This Court has discretion to decline supplemental jurisdiction when (1) state law claims predominate or, (2) if it is an exceptional case and there are other compelling reasons for declining jurisdiction.[1] Point one: This Court, in this case, concluded over a year ago that the plaintiffs' claims were based on state law and not federal law. *Banks v. Cotter Corp.*, No. 4:18-CV-00624 JAR, 2019 WL 1426259, at *5 (E.D. Mo. Mar. 29, 2019). Cotter's third-party petition also seeks contribution based on state law. Only one Third-Party Defendant - Mallinckrodt - has a statutory procedural right to removal based on the so-called federal officer removal statute. Otherwise state law predominates. Especially, when as here, Plaintiffs have contaminated homes for which they seek cleanup and remediation. Efforts to slow adjudication should not be tolerated. Point two: this is an exceptional case because the Plaintiffs have already been remanded, the third-party demands could have been filed years ago but were not, and Mallinckrodt has since its removal sought protection under the U.S. bankruptcy laws and this case is stayed as to it. Mallinckrodt's intention to file bankruptcy was no secret. Removal solely based on a party subject to a stay should not be permitted especially under the circumstances here.

---

[1] 28 U.S.C. § 1367(c)(2) and § 1367(c)(4)

Mallinckrodt based its removal on 28 U.S.C. § 1441 claiming the PAA applies and, as such, preempts Cotter's state-law contribution claims.  It also based removal on 28 U.S.C. § 1442 claiming a government contractor defense. However, in *Strong v. Republic Servs., Inc.*, No. 4:18CV02043JCH, 2019 WL 1436995 (E.D. Mo. Apr. 1, 2019) ("*Strong II*"), a case involving many of the same  Defendants and Third-Party Defendants with a similar factual history and a nearly identical procedural history as here, the Court held that a third-party defendant may not remove based on 28 U.S.C. § 1441 when, as here, the third party demand is tied to the main demand. *Id.*  Because a third-party is foreclosed from such an argument so too is Cotter and the others in opposition, especially when they advanced the same arguments in prior litigation and lost. Plaintiffs' do not, at this time, challenge Mallinckrodt's removal based on 28 U.S.C. § 1442 as it is subject to the bankruptcy stay. This motion to sever allows Mallinckrodt and all the third-party defendants to remain in federal court. Plaintiffs only seek to remand its state law-based lawsuit back to state court.

Cotter's strategy in filing its Third-Party Petition against Mallinckrodt and others is an obvious attempt to sneak a second bite at a very old apple.  If the Third-Party Defendants were so indispensable or vitally important, Cotter would not have waited for almost two and half years to bring them in, after a failed removal attempt and a motion to dismiss.

## II. The Only Potential Avenue for Removal of Cotter's Third-Party Claim Against Mallinckrodt is Under the Federal Officer Removal Statute - Application of the Price Anderson Act is Not at Issue

### A. *Strong II* is on Point and Demonstrates that Removal of a Third-Party Contribution Claim Based on a PAA Preemption Argument is Not Permitted

The law is clear. The only potential avenue for removal, given the procedural posture of this case, is under the federal officer removal statute, 28 U.S.C. § 1442. In *Strong II*, Cotter, then a third-party defendant against which contribution was sought, attempted removal arguing PAA

2

preemption. *Strong II*, 2019 WL 1436995. Cotter's argument was rejected. Cotter knows that removal by a third-party based on a PAA preemption theory is not permitted under the current circumstances. *Id*. Cotter's insistence that Plaintiffs' claims against them are governed by the PAA is disingenuous and ignores the rulings in this case as this Court already rejected Cotter's argument and determined that Plaintiffs' claims do not arise under the PAA and that it lacks subject matter jurisdiction over the main demand.

In *Strong II*, plaintiffs filed their petition in state court and the defendants[2] removed arguing that federal court jurisdiction under the PAA. This Court remanded concluding the PAA did not apply because a license or indemnity agreement, which was lacking, was required for the PAA to apply. After remand, defendant Bridgeton filed a third-party contribution claim against Cotter. Thereafter, Cotter removed citing 28 U.S.C. §§ 1331, 1332, 1441 and 1446 arguing that the Court should impose federal subject matter jurisdiction because Cotter had an applicable license and an affirmative defense under the PAA. *Strong II*, 2019 WL 1436995, at *1.

After the second removal by Cotter, defendant Bridgeton and plaintiffs argued that third-party defendant Cotter cannot properly remove because a third-party claim cannot be removed under 28 U.S.C. § 1441 if it is tied to the main claim.[3] Cotter argued that despite the procedural arguments presented, the Court should nonetheless evaluate their claim on the merits and find that federal subject matter jurisdiction exists. *Id*. The Court disagreed. It determined that a third-party contribution claim cannot be removed under 28 U.S.C. § 1441 if it is tied to the main claim. *Id*. citing *Lewis v. Windsor Door Co., a Div. of Ceco Corp.*, 926 F.2d 729, 733 (8th Cir. 1991)("We do not believe that the remote, ancillary possibility of a third-party claim not yet matured can

---

[2] The primary defendants in the *Strong II* case are the landfill defendants against whom Cotter filed a third-party contribution claim here.

[3] Contradicting their previous position in *Strong II*, third party defendant Bridgeton supports Cotter's arguments regarding the propriety of Mallinckrodt's removal based on PAA preemption. See ECF. No. 56.

3

constitute a basis for removal of a third-party claim which is not separate and independent of the plaintiff's claim"). Thus, as demonstrated in *Strong II*, Mallinckrodt is not permitted to remove the third-party contribution claim against them based on a PAA preemption argument. More importantly, Cotter is not permitted to make arguments that Mallinckrodt itself is prohibited from making. If permitted, Cotter would be free to keep removing and that is something the law does not permit.

The only avenue for removal of the third-party contribution claim against Mallinckrodt is under the Federal Officer Removal Statute, 28 U.S.C. § 1442.  But it is not necessary to resolve the issue at this time because even if this Court assumes it has jurisdiction over Cotter's third-party contribution claim, it still has the power to decline to exercise supplemental jurisdiction over Plaintiffs state law claims, sever Plaintiffs state law claims, and remand them to state court pursuant to 28 U.S.C. §§ 1367(c)(2) and §1367(c)(4). *Strong II* does not cover the Federal Officer Removal Statute, but it does limit whether this Court can consider (again) whether the PAA applies. As shown, PAA applicability is not before this Court.

### B. Plaintiffs' Position Has Not Changed

In an effort to convince this Court that Plaintiffs' position has changed since this case was last remanded, Cotter points to the petition, Plaintiffs' discovery requests, and Cotter's defense expert declarations. On all these fronts, Cotter errs.

Cotter wrongly suggests that paragraphs 66, 76, and 85 of Plaintiffs' Second Amended Petition reveal that Plaintiffs have changed their position regarding the radioactive materials at issue. But Cotter is wrong.  A quick comparison of the Second Amended Petition with Plaintiffs' First Amended Petition (which this Court previously remanded) shows the allegations remain unchanged.  Paragraph 85 remained the same and paragraphs 66 and 76 are also identical except

4

the more recent filing uses the term "mill tailings" instead of "wastes".  There is no change in the pleadings.

Cotter also relies on Plaintiffs' discovery *requests* to demonstrate that Plaintiffs changed their position concerning the radioactive materials at issue. Cotter cites no law (jurisprudential or statutory) supporting this position. Discovery requests are just that - they are not allegations.

The cases cited in opposition are easily distinguishable because they involved a change in the law or discovery responses that established the jurisdictional threshold for diversity cases. For example, in *Groh v. JPMorgan Chase Bank*, the court denied plaintiff's motion to remand "[b]ecause the law [had] changed since [Defendant's] first removal, thereby permitting an ordinarily prohibited successive removal" No. 14-CV-578-W-DGK, 2014 WL 4930649, at *1 (W.D. Mo. Oct. 1, 2014). There has been no such change in law here.

In *Hoffman*[4], a case involving the amount in controversy, the court determined that discovery *responses* by plaintiffs constituted "other paper" which provided a "different set of facts" upon which the court determined the controversy exceeded the $75,000 jurisdictional requirement for diversity jurisdiction.  Moreover, the *Hoffman* plaintiffs did not contest that their discovery responses established the amount in controversy requirement. No discovery request by Plaintiffs changes the type of radioactive material on which this suit is based.

Cotter offers its expert's declaration challenging Plaintiffs' allegations that the waste they sue over is mill tailing. This approach is not something contemplated by the Federal Rules. The defense cannot change the Plaintiffs' factual allegations via an opposition to a motion to sever by a defense expert declaration. Defendants can only file motions challenging a Complaint concerning the variety of issues set forth in Fed. Rule 12 and 56. This Court should disregard the declaration.

---

[4] *Hoffmann v. Empire Mach. & Tools Ltd.*, No. 4:10-CV-00832-NKL, 2010 WL 11619084 (W.D. Mo. Dec. 7, 2010).

Such a declaration does not change the fact that the radioactive wastes at issue were "produced by the extraction or concentration of uranium...from any ore processed primarily for its source material content".[5] No facts or law have changed since this Court remanded the case. Cotter's pathetic efforts to show otherwise should be rebuffed.

### III. Joinder Has Not Been Implicated in Plaintiffs' Claims, Nor is Mallinckrodt an Essential Party Prohibiting Severance of Cotter's Third-Party Claim for Contribution

Cotter is wrong to focus on Fed. R. Civ. P. 19[6] governing joinder. Cotter impleaded third-party defendants via Mo. Sup. Ct. R. 52.11,[7] it did not join them under Fed. R. Civ. P. 19 or its state law analogue, Mo. Sup. Ct. R. 52.04. "Joinder" and "impleader" are two separate and distinct mechanisms intended for different purposes. Joinder, as referenced in Cotter's Response, is properly raised either by pre-answer motion, or inserting the defense of joinder into the Answer itself. 7 Charles Alan Wright & Arthur A. Miller, Federal Practice and Procedure § 1609 Raising the Defense of Failure to Join a Required Party (3d ed.). Cotter has not done so. Cotter's state court Motions to Dismiss did not mention a failure to join any indispensable parties under either Fed. R. Civ. P. 19 or Mo. Sup. Ct. R. 52.04. Instead of insisting on the joinder of Mallinckrodt as an essential party to Plaintiffs' claims at the outset, Cotter chose to file a third-party petition for contribution against Mallinckrodt in June 2020, more than two years after Plaintiffs' initial Petition

---

[5] https://www.nrc.gov/waste/mill-tailings.html.

[6] Fed. R. Civ. P. 19(a): Persons Required to Be Joined if Feasible. (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

[7] Mo. Sup. Ct. R. 52.11(a) is substantively the same as Fed. R. Civ. P. 14: (a) When a Defending Party May Bring in a Third Party. A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer. … **Any party may move to strike the third-party claim or for its severance or separate trial**.

6

was filed. Cotter's invocation of Fed. R. Civ. P. 19 now is another clumsy attempt to distract this Court from the undisputed facts and applicable law.

In no event is Mallinckrodt an essential party as contemplated by Fed. R. Civ. P. 19. Cotter filed its third-party petition for state law contribution against Mallinckrodt, *et al.*, arguing that Mallinckrodt "is a joint tortfeasor who is liable, in whole or in part, for Plaintiffs' alleged damages".[8] Joint tortfeasors are merely permissive parties in actions against one another with like liability. "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 7, 111 S. Ct. 315, 112 L. Ed. 2d 263 (1990). "The Advisory Committee Notes to Fed. R. Civ. P. 19(a) explicitly state that 'a tortfeasor with the usual "joint-and-several" liability is merely a permissive party to an action against another with like liability.'" *Id.* Mallinckrodt is, by Cotter's own admission, a joint tortfeasor to Plaintiffs' claims and, as such, it is a permissive party, and not an essential one.[9]

Furthermore, if Mallinckrodt were truly an indispensable party surely Cotter would have impleaded it years ago instead of waiting until *after* it sought, and this Court rejected, removal based on federal question jurisdiction.

---

[8] See ECF No. 14, Cotter's "Third Party-Petition" ¶ 72: "In the unlikely event that Cotter is found liable to Plaintiffs' alleged damages, which Cotter denies, Mallinckrodt is a joint tortfeasor who is liable, in whole or in part, for Plaintiffs' alleged damages, and Cotter is entitled to contribution".

[9] Severance of Plaintiffs' claims from Cotter's third-party claims will not prejudice the rights of any Defendant or Third-Party Defendant. Mallinckrodt is not a "required party" as identified in Fed. R. Civ. P. 19(a), and Cotter's Response contorts the notions of "joinder" and "impleader" in a manner inapplicable to the case at hand. First, as a matter of civil procedure, "joinder" as contemplated in Fed. R. Civ. P. 19, is not the same as "impleader" as stated in Fed. R. Civ. P. 14. Cf. Fed. R. Civ. P. 19 Advisory Committee Notes ("Whenever feasible, the persons materially interested in the subject of an action … should be joined as parties so that they may be heard and a complete disposition made."); 6 Charles Alan Wright & Arthur A. Miller, Federal Practice and Procedure § 1442 Purpose and Construction of Rule 14 (3d ed.) ("The objective of Rule 14 is to avoid the situation that arises when a defendant has been held liable to plaintiff and then finds it necessary to bring a separate action against a third individual who may be liable to defendant for all or part of plaintiff's original claim").

A similar maneuver was dealt with in *CITY OF ST. LOUIS, Missouri, Plaintiff, v. Henry J. CERNICEK, et al., Defendants, BERETTA U.S.A. CORP. et al., Defendants/Third-Party Plaintiffs,*, No. 400-CV-1895, 2001 WL 34134733, at *3 (E.D. Mo. Sept. 25, 2001). There, the Court granted plaintiffs' Motion to Sever after defendants brought in a third-party defendant, with removal options, long after the Court remanded that case back to state court. The Court found that the defendants' "blatant attempt" to manufacture federal jurisdiction and to delay the proceedings was an illegitimate forum-shopping effort.

In opposition, Cotter argues that Mallinckrodt will not be able to defend itself against Plaintiffs' claims. This argument is also wrong. Mallinckrodt will have ample opportunity to contest damages and liability in any subsequent contribution action. Thus, Cotter's contribution claim should be independently adjudicated. *See Hemme v. Bharti*, 183 S.W.3d 593, 598 (Mo. 2006) ("A claim for indemnity or contribution is really an anticipatory claim; that is, the claim by a defendant who is held liable to a plaintiff really is not ripe until the defendant has suffered a judgment."); *Lowe v. Norfolk & W. Ry. Co.*, 753 S.W.2d 891, 892 (Mo. 1988) (An action for contribution or indemnity can be prosecuted as a separate action and does not have to be brought by way of third-party proceedings in the initial action.). Even if joinder were proper at this stage, it is not needed in this action to achieve a full adjudication of Mallinckrodt's liability, if any, to Cotter. Such liability may, and indeed can only, be adjudicated after Plaintiffs' underlying state law claims have been resolved in plaintiffs' favor.

The cases cited by Cotter supporting its claim that Mallinckrodt is an essential party simply do not help Cotter's cause. See, *State Farm Mut. Auto. Ins. Co. v. McQuinn*, No. 16-6116-CV-SJ-REL, 2017 WL 6403027, at *3 (W.D. Mo. Jan. 30, 2017) and *Copperleaf of Kansas City Home Owners Ass'n, Inc. v. Travelers Cas. & Sur. Co. of Am.*, No. 17-0749-CV-W-BP, 2017 WL

8

9802862, at *4 (W.D. Mo. Nov. 27, 2017). These cases stand for the sound rule that when a contract is to be adjudicated, all parties to it must be before the court. Bear in mind this is a state-based tort suit, not a contract case. Mallinckrodt will therefore have a full and fair opportunity to contest Cotter's contribution claim.

**IV.     The Prejudice and Unfairness to Plaintiffs Should Cotter's Third-Party Claims Not Be Severed and Remanded Outweighs Any "Harms" Claimed on the Part of Cotter**

Cotter insists that it and the other litigants will be prejudiced if the state-law based main demand is severed from its third-party demands because it will result in an unequal application of the law. Not true. None of the litigants here would be prejudiced by a severance. The law will, in fact, be equally applied as this Court previously ruled that the plaintiffs' claims are based on Missouri law and not the PAA.[10] Severance does not change that fact. Even if Mallinckrodt is no longer subject to the bankruptcy stay, and assuming it has a PAA-based defense to assert to the contribution claim against it, that would not result in prejudice. Because of the bankruptcy stay and because the third-party demands simply seek contribution, Plaintiffs request to sever only its main demand.

On the flip side, non-severance of Cotter's third-party claims would subsume Plaintiffs' original claims, introducing seven new parties and causes of action which would make this litigation significantly more complex, expensive, lengthy, and cumbersome. That is real prejudice. Plaintiffs', who have already had their suit on file for more than two years, would not see their day in court for years and would be forced to spend hundreds of thousands of dollars resulting from the claims of the seven new parties sued for contribution only. Large corporate defendants with even larger pockets should not be able to manipulate the law in this manner by effectively avoiding

---

[10] *Banks*, 2019 WL 1426259, at *5.

9

resolution. The main demand requires resolution now, and in Missouri, as justice delayed is justice denied. The potential for prejudice if severance is not granted, coupled with the procedural history and late joining of a now stayed Mallinckrodt, is what makes this case exceptional under 28 U.S.C. § 1367(c)(4).

Consideration of the impact of a third-party petition upon a main demand is always appropriate. See *United States v. Kramer*, 770 F. Supp. 954, 959 (D.N.J. 1991) ("Defendants/third-party plaintiffs argue that judicial economy would be promoted by a denial of the motion to sever. They argue that much of the same testimony and evidence would be introduced in each of the separate proceedings, and as a consequence, severance will be a wasteful and a burdensome exercise. While we recognize that there is some truth to that position, we think that, ultimately, these concerns are outweighed by the prospect of overburdening the primary litigation."). Cotter accused Plaintiffs of conceding that a trial on the main demand separate from the third-party demand would waste judicial resources. Not so. The Missouri Supreme Court has acknowledged that, in a third-party contribution claim, the third-party defendant is not bound by the main demand.[11] That is the very nature of a contribution claim.

Plaintiffs' suit was filed over two years ago, and still we are litigating where litigation should proceed to resolution. Cotter's third-party demand is only for contribution. Contribution claims need not be attached to the main demand. A claim for contribution is a separate independent claim from the underlying tort claims. *Magnuson by Mabe v. Kelsey-Hayes Co.*, 844 S.W.2d 448, 453 (Mo. Ct. App. 1992).

Cotter also complains about inconsistent results and requests (without a Fed. R. Civ. P. 42(a) motion) consolidation of this matter with *McClurg v. Mallinckrodt, Inc. No.* 4:12-CV-00361-

---

[11] *Safeway Stores, Inc. v. City of Raytown*, 633 S.W.2d 727 (Mo. 1982).

AGF (E.D. Mo.). Notwithstanding its failure to raise this potential beforehand along with this Court's conclusion that *McClurg* provides no guidance regarding the issues herein[12], this case cannot be consolidated with *McClurg*. The *McClurg plaintiffs sued under the PAA*. *McClurg v. Mallinckrodt*, 4:12-cv-00361 (E.D. Mo) Doc. #: 1, p. 25. Cotter's reliance on *Halbrook v. Mallinckrodt, LLC*, 888 F.3d 971 (8th Cir. 2018) is equally misplaced for the same reason- it is a PAA-pleaded lawsuit.

**V.     Undue Delay Caused by Mallinckrodt's Bankruptcy Makes This an Exceptional Case Under 28 U.S.C. § 1367(c)(4)**

Cotter argues that Mallinckrodt's bankruptcy petition is not an exceptional circumstance because it would not cause the same kind of delay discussed in *Crocker* and *Madden*.[13] First, Cotter cites no case concluding a bankruptcy-related delay does not create an undue delay resulting in an exceptional case. Second, Cotter's claims that *Crocker* and *Madden* found "decades" of delay to create an exceptional case is simply untrue. Neither *Crocker* or *Madden* used that term and there is no indication that the respective courts specifically considered a precise period of delay. It was sufficient that the litigants would be transferred to yet another federal court where they would be party to a multi-district litigation proceeding.

There are very good reasons to believe that Mallinckrodt's bankruptcy would cause Plaintiffs prejudicial delay and thereby transform this case into an exceptional case necessitating severance and remand. Mallinckrodt's bankruptcy is due in large measure to the thousands of governmental and personal lawsuits made against it arising from its manufacture of opioids and

---

[12] *Banks*, 2019 WL 1426259, at *5.
[13] *Crocker v. Borden, Inc.*, 852 F. Supp. 1322 (E.D. La. 1994); *Madden v. Able Supply Co.*, 205 F. Supp. 2d 695, 702 (S.D. Tex. 2002).

its contribution to this country's current opioid epidemic.[14] Although not an MDL proceeding, the bankruptcy will likely deal with a significant number of claims and require substantial time and resources to resolve. Purdue's bankruptcy provides a glimpse into this as every state, thousands of municipalities, thousands of insurers and hospitals, and over 120,000 individuals filed proofs of claims.[15] The Landfill Defendants claim that Mallinckrodt's bankruptcy will pose no delay.[16] If this were true, why were no such motions filed? And if the funds it references are available as claimed, there would first need to be an adjudication of Plaintiffs' state law claims in any event because the claims against Mallinckrodt would not accrue until resolution in Plaintiffs' favor.

It is significant that Cotter has filed no motion to lift the stay. It is doubtful that Plaintiffs have standing to do so. And in these early days, even less likely such relief would be granted by the bankruptcy judge- especially here on a contribution claim where the main demand has not yet been litigated. It is easy to see that the bankruptcy court would have no interest in accelerating Cotter's contribution claim. In fact, the opposite would be true and consistent with the bankruptcy stay and principles of preserving the estate.

Undue delay is only one of the factors making this an exceptional case. The others include overburdening the main demand with seven new parties, the prior remand, potential motions in a Delaware bankruptcy proceeding, delay caused by the bankruptcy and new parties, and unnecessarily increasing the cost of litigating, to name a few.

---

[14] *See e.g., Mallinckrodt Files Bankruptcy to Settle Pile of Opioid Suits*,
https://www.bloomberg.com/news/articles/2020-10-12/mallinckrodt-seeks- bankruptcy-to-offload-opioid-liabilities. (Oct. 12, 2020).
[15] https://restructuring.primeclerk.com/purduepharma/Home-DocketInfo
[16] ECF No. 56 p. 3

12

## VI. Plaintiffs Have Waived Neither Their Claim that Supplemental Jurisdiction Should be Denied Nor Mallinckrodt's Claim of Subject Matter Jurisdiction

Defendant's assertion that Plaintiffs failed to challenge Mallinckrodt's two grounds for its removal and therefore waived the right to ask this Court to exercise its discretion and decline supplemental jurisdiction is confounding but more to the point, it is misleading. Suffice to say that this case is stayed as to Mallinckrodt. Plaintiffs are prohibited from seeking any relief as to it. No waiver can arise from compliance with a bankruptcy stay. Besides, Plaintiff's Motion to Sever and Remand specifically and repeatedly asks this Court to decline supplemental jurisdiction of the main demand.

## VII. Decision to Sever and Remand is Not Directly Appealable

Cotter wrongly claims a decision to sever and remand is directly appealable. It is not. Such a decision is not a remand based on 28 U.S.C. § 1442 nor is it a final appealable order subject to direct appeal under 28 U.S.C. § 1291. A final decision is "one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgement": [17]

> "[I]f the Order had dismissed [third-party plaintiff's] third-party claims in conjunction with remanding [plaintiff's] claims, the Order would constitute a final decision because there would be no claims left to pursue in federal court. Instead, however, the district court retained jurisdiction over and stayed the third-party claims, leaving those claims to be resolved at a later time. Accordingly, the Order does not constitute a final decision as generally understood for purposes of § 1291."[18]

## VIII. Conclusion and Relief Requested

Plaintiffs have patiently waited while the PAA's applicability was litigated. It was determined that it did not apply and that Plaintiffs were free to conclude their litigation in state

---

[17] *Campbell-McCormick, Inc. v. Oliver*, 874 F.3d 390, 395 (4th Cir. 2017); citing *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Employers*, 571 U.S. 177, 183, 134 S. Ct. 773, 779, 187 L. Ed. 2d 669 (2014)

[18] *Campbell-McCormick, Inc.*, 874 F.3d at 395.

13

court where among other things, they seek to have the radioactive contamination removed from their homes. Now, late actions by Cotter, seek to relitigate previously resolved issues under procedures simply not permitted. Plaintiffs have met their burden of proof under 28 U.S.C. § 1367 by showing that the main demand is one where state law predominates and that exceptional circumstances exist thus affording this Court with ample grounds to exercise its discretion and decline to keep the main demand in federal Court. The motion to sever and remand should be granted.

Dated: November 16, 2020                    Respectfully submitted,

KEANE LAW LLC

*/s/ Ryan A. Keane*
Ryan A. Keane, #62112
Steven W. Duke #68034
7777 Bonhomme Ave., Suite 1600
St. Louis, MO 63105
314-391-4700
314-244-3778 (fax)
ryan@keanelawllc.com

JOHNSON GRAY, LLC
Anthony D. Gray, #51534
319 North 4th Street, Suite 212
St. Louis, MO 63102 (314) 385-9500
agray@johnsongraylaw.com

COOPER LAW FIRM, L.L.C.
Celeste Brustowicz, LA Bar # 16835 *pro hac vice*
Victor Cobb LA Bar # 36830 *pro hac vice*
1525 Religious Street
New Orleans, LA 70130
Phone: (504) 566-1558
cbrustowicz@sch-llc.com
vcobb@sch-llc.com

THOMPSON BARNEY
Kevin Thompson (WV Bar #5062) *PHV forthcoming*
David R. Barney, Jr. (WV Bar #7958) *pro hac vice*
2030 Kanawha Boulevard, East
Charleston, WV 25311
Telephone: 304-343-4401
Facsimile: 304-343-4405
Email: kwthompson@gmail.com

And

RON AUSTIN & ASSOCIATES, L.L.C.
Ron A. Austin, LA Bar # 23630, *PHV forthcoming*
Catherine Hilton, LA Bar # 27238, *PHV forthcoming*
400 Manhattan Blvd
Harvey, Louisiana 70058
Telephone: (504) 227-8100
Facsimile: (504) 227-8122
raustin@ronaustinandassociates.com
chilton@ronaustinandassociates.com

*Attorneys for Plaintiffs and Proposed Class*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 16, 2020, a true and accurate copy of the foregoing was served by filing it in the court's electronic filing system, which will provide electronic notice and a copy of the filing to all parties and attorneys of record.

/s/ *Steven Duke*