UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TAMIA BANKS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-CV-01227-JAR |
| | ) | |
| COTTER CORPORATION (N.S.L.), et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| COTTER CORPORATION (N.S.L.), | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MALLINCKRODT LLC, et al., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Sever and Remand All Non-Third-Party Claims. (Doc. 47). Defendant and Third-Party Plaintiff Cotter Corporation (N.S.L.) ("Cotter") responded in opposition (Doc. 58),[1] and Plaintiffs have replied. (Doc. 66). Other Defendants and Third-Party Defendants have joined Cotter's opposition either in whole or in part. (Docs. 56, 60, 61, 64-65). For the reasons discussed below, this Court will grant the instant motion

---

[1] Cotter's response states "ORAL ARGUMENT REQUESTED" in the caption. (Doc. 58 at 1). Pursuant to E.D. Mo. L.R. 4.02(B), a party requesting oral argument "shall file such request with its motion or memorandum briefly setting forth the reasons which warrant the hearing of oral argument." Cotter has not provided any explanation why oral argument is necessary. Given the issues here have been extensively litigated, including before this Court, oral argument is not warranted.

1

and sever and remand all claims except for Cotter's claim for contribution against Defendant Mallinckroft LLC ("Mallinckrodt").

## I. FACTUAL AND PROCEDURAL HISTORY

It's like déjà vu all over again. On April 2, 2018, Plaintiff Tamia Banks filed an amended class action petition in the Circuit Court of St. Louis County, Missouri. *See Banks v. Cotter Corp.*, No. 4:18-CV-624 JAR, 2019 WL 1426259, at *1 (E.D. Mo. Mar. 29, 2019). The relevant underlying facts, as previously described by this Court, are as follows:

> From 1942 to 1957, uranium ore was processed in association with the Manhattan Project to develop nuclear weapons in a facility in downtown St. Louis City known as the St. Louis Downtown Site ("SLDS"). (First Amended Class Action Petition ("FAP")). In the late 1940's, the Manhattan Project acquired a tract of land near Lambert Airport known as the St. Louis Airport Site ("SLAPS") to store radioactive waste from the uranium processing operations at SLDS. In 1957, "approximately sixty truckloads of contaminated scrap metal, several contaminated vehicles, in addition to miscellaneous radioactive wastes were buried on the western portion of SLAPS adjacent to Coldwater Creek," a tributary of the Missouri River which runs throughout North St. Louis County. In the 1960's, some of the radioactive waste that had been stored at SLAPS was moved to a storage site on Latty Avenue in Hazelwood, Missouri (the "Latty Avenue Site"), a part of which later became the Hazelwood Interim Storage Site ("HISS"). In the late 1960's, Cotter purchased the radioactive waste stored at both SLAPS and the Latty Avenue Site. Between 1969 and 1973, Cotter stored, processed and transported radioactive waste at the SLAPS and Latty Avenue sites. In 1973, SLAPS was sold to the Airport Authority. The Latty Avenue Site was sold to Futura Coatings, n/k/a DJR. *Id.* (internal citations omitted).

Banks asserted numerous state law claims, generally alleging that "as a result of Defendants' collective conduct over several decades, radioactive wastes were released into the environment in and around Coldwater Creek, resulting in contamination of her home and property, as well as the property of other classes members." *Id.*

Defendants promptly removed the case to this Court claiming that the action arose out of the Price-Anderson Act ("PAA"), thereby establishing federal jurisdiction. *Id.* at *2. The PAA was

2

enacted as an amendment to the Atomic Energy Act of 1954 and sought to "encourage private sector development of atomic energy" by, among other things, "channel[ing] public liability resulting from nuclear incidents to the federal government." *Id.* (citing *El Paso Nat. Gas Co. v. Neztsosie*, 526 U.S. 473 (1999)). On March 29, 2019, this Court remanded on the grounds that "a license or indemnity agreement is a prerequisite for federal subject matter jurisdiction pursuant to the PAA." *Id.* at *6; *see also Kitchin v. Bridgeton Landfill, LLC*, 389 F. Supp. 3d 600 (E.D. Mo. 2019), *appeal filed* (No. 19-2072); *Strong v. Republic Servs., Inc.*, 283 F. Supp. 3d 759 (E.D. Mo. 2017).

Following remand, the case proceeded in state court and Plaintiffs filed a Second Amended Class Action Petition ("SAP"). (Doc. 1-6). On June 30, 2020, Cotter filed a Third-Party Petition seeking contribution from the Third-Party Defendants, including Mallinckrodt. (Doc. 1-7). Cotter argues that any potential damages assessed against it "were caused, in whole or in part, by the conduct, fault, acts, carelessness, omissions, and negligence of Mallinckrodt, thereby barring any such recovery against Cotter." (*Id.* at ¶ 73). Mallinckrodt then filed a Notice of Removal claiming this Court has jurisdiction pursuant to the PAA and because Mallinckrodt acted "under color of" or at the direction of a federal officer per 28 U.S.C. § 1442. (Doc. 1). On October 12, 2020, Mallinckrodt filed for bankruptcy, triggering an automatic stay in this case per 11 U.S.C. § 362. (Doc. 46). Plaintiffs filed the instant motion the next day. (Doc. 47).

The automatic stay further complicates this already convoluted posture. According to 11 U.S.C. § 362(a)(1), Mallinckrodt's voluntary bankruptcy petition stays "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was . . . commenced before the commencement of the [bankruptcy petition]." The automatic stay is "fundamental to the reorganization process, and its scope is intended to be broad." *Small Bus.*

*Admin. v. Rinehart*, 887 F.2d 165, 167 (8th Cir. 1989). In accordance with the automatic stay, Plaintiffs' motion "does not seek any relief as to Mallinckrodt" but instead requests that this Court sever and decline to exercise supplemental jurisdiction over Plaintiffs' state law claims against Defendants. (Doc. 46 at ¶¶ 10-13).[2] For purposes of this motion, Plaintiffs effectively presume that Mallinckrodt has properly invoked this Court's jurisdiction via its Notice of Removal without waiving their right to argue otherwise. (Doc. 48 at 2 n.1). Accordingly, a detailed inquiry into the presence of federal jurisdiction over Mallinckrodt is unnecessary at this moment.[3] The key question on this motion is whether, assuming such jurisdiction exists, this Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.

## II.   DISCUSSION

### A. Existence of Supplemental Jurisdiction

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under

---

[2] The Court notes that there is substantial precedent supporting the position that remand is permissible even when an automatic stay under 11 U.S.C. § 362 is in place. *See Price v. Chrysler LLC*, No. 4:09-CV-232 ERW, 2009 WL 2208298, at *1 (E.D. Mo. July 23, 2009) ("The Court's decision to remand this action to state court is essentially a lateral move to address a procedural issue, and it does not continue the case in any significant manner. Such a motion in no way affects the rights and duties of either the Defendant as a debtor, or the Plaintiff as a potential creditor."); *see also Dieterly v. Boy Scouts of Am.*, No. 20-902, 2020 WL 3447766, at *2 (E.D. Pa. June 24, 2020) (collecting cases). *But see Liljeberg Enters. Int'l v. Vista Hosp. of Baton Rouge, Inc.*, No. 04-2780, at *1-2 (E.D. La. Nov. 24, 2004) ("[R]emand of a case is not a mere 'ministerial' act that would not violate the automatic stay.").

Plaintiffs, however, seek no relief as to Mallinckrodt in the instant motion and instead request severance and remand. Mallinckrodt has acknowledged that Plaintiffs' motion does not seek any relief as to Mallinckrodt and "notes that it is subject to the Automatic Stay." (Doc. 57 at 2). Accordingly, it is not appropriate at this time to assess whether remand of the Third-Party Petition against Mallinckrodt is merited, regardless whether such a remand would be permissible under 11 U.S.C. § 362.

[3] It is proper in these unique circumstances for this Court to proceed without a detailed inquiry into the presence of jurisdiction under 28 U.S.C. § 1442. This Memorandum and Order presumes such jurisdiction and assesses whether the exercise of supplemental jurisdiction over the state law claims is appropriate. If this Court finds it lacks jurisdiction after the automatic stay is lifted, the entire case would be remanded regardless.

4

Article III of the United States Constitution." 28 U.S.C. § 1367(a). In other words, the claims must "derive from a common nucleus of operative fact." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 350 (8th Cir. 2007) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

This Court can exercise supplemental jurisdiction over Plaintiffs' state law claims because the contribution claim against Mallinckrodt clearly stems from the same underlying facts. Plaintiffs' entire claim, as well as Cotter's claim of contribution, stems from the processing and transporting of hazardous materials in association with the Manhattan Project. *See, e.g.*, *Harbison v. Rich Gullet and Sons, Inc.*, No. 4:13-CV-1138 SPM, 2014 WL 5483569, at *6 (E.D. Mo. Oct. 29, 2014) (claim for contribution / indemnity part of same case or controversy). The parties do not dispute whether this Court *can* exercise supplemental jurisdiction over the state law claims, only whether it *should* exercise such jurisdiction.

B. Exercise of Supplemental Jurisdiction

This Court may decline to exercise its supplemental jurisdiction over a claim if, among other reasons not relevant here, "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, or . . . in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(2)-(4). If one of these statutory factors is present, the Court must weigh the interests of judicial economy, convenience, fairness, and comity to determine whether to exercise supplemental jurisdiction. *Wilson v. Miller*, 821 F.3d 963, 970 (8th Cir. 2016) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). These are frequently referred to as the *Gibbs* factors. *See Gibbs*, 383 U.S. 715 (1966). The Court must also consider whether either party has attempted to "manipulate the forum." *Cohill*, 484 U.S. at 357. Ultimately, supplemental jurisdiction "is a doctrine of discretion." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) (quoting *Gibbs*, 383 U.S. at 726). District

5

courts have "broad discretion" when determining whether to exercise supplemental jurisdiction. *Green v. Ameritrade, Inc.*, 279 F.3d 590, 599 (8th Cir. 2002).

It is evident that Plaintiffs' state law claims substantially predominate over Mallinckrodt's PAA and federal contractor defenses, and Cotter does not argue otherwise. As Plaintiffs note, the SAP asserts 11 claims against Defendants, all of which are premised on Missouri law. (Doc. 48 at 3; Doc. 1-6). This Court has already held that Plaintiffs' claims alone do not establish federal jurisdiction. *Banks v. Cotter Corp.*, No. 4:18-CV-624 JAR, 2019 WL 1426259 (E.D. Mo. Mar. 29, 2019). It is only Cotter's claim for contribution against Mallinckrodt, a Third-Party Defendant, that potentially provides federal jurisdiction via Mallinckrodt's alleged federal defense. Therefore, pursuant to 28 U.S.C. § 1367(c)(2), a careful analysis of the *Gibbs* factors is warranted.

**Judicial Economy and Convenience of the Parties**

This Court does not believe that there are substantial issues of judicial economy at stake, though such considerations somewhat favor remand. "It is the law in this circuit that 'the substantial investment of judicial time and resources in the case . . justifies the exercise of jurisdiction over the state claim." *Pioneer Hi-Bred Int'l v. Holden Foundation Seeds, Inc.*, 35 F.3d 1226, 1242 (8th Cir. 1994) (quoting *North Dakota v. Merchant Nat'l Bank & Trust Co.*, 634 F.2d 368, 371 (8th Cir. 1980) (en banc)). This Court has not devoted substantial resources to the case; the Notice of Removal was only filed recently, and this Court has yet to rule on any substantive motion. Meanwhile, substantial discovery has occurred in state court, and Judge Walsh has ruled on Cotter's motion to dismiss arguing PAA preemption. (Doc. 48 at 6).

Cotter presents the understandable concern that granting severance and remand will result in this litigation proceeding in both state and federal court. (Doc. 58 at 10). The Court does not agree, however, that this will require "re-litigating every step of this putative class action" on the

6

third-party claim against Mallinckrodt. (*Id.*). As the Missouri Supreme Court has explained, a claim for contribution "is really an anticipatory claim; that is, the claim by a defendant who is held liable to a plaintiff really is not ripe until the defendant has suffered a judgment." *Hemme v. Bharti*, 183 S.W.3d 593, 598 (Mo. banc 2006). If Cotter is held liable to Plaintiffs, it can proceed on its claim for contribution against Mallinckrodt; if Plaintiffs lose, Cotter's claim against Mallinckrodt will become moot.

Cotter cites *Joyner v. A.C. & R. Insulation Co.* for the proposition that a party should not be required to conduct parallel litigation in state and federal court. No. CCB-12-2294, 2013 WL 877125, at *10 (D. Md. Mar. 7, 2013). But Cotter misinterprets *Joyner*. As later explained by the same judge, the concern in *Joyner* was the "potential of bifurcating claims *against one party* between state and federal courts." *Oliver v. Campbell McCormick, Inc.*, No. CCB-16-1057, 2016 WL 3878492, at *3 (D. Md. July 18, 2016) (emphasis added). Requiring a defendant to face similar claims for the same conduct in both federal and state courts is a legitimate concern; but that is not the situation here, where Cotter is a Third-Party Plaintiff in this Court seeking contribution against Mallinckrodt. *Oliver* is particularly comparable here, as the court granted severance and remand after finding that "the state law claims predominate over the federal contractor defense, the only claim over which the court has original jurisdiction." *Id.*

### Fairness and Comity

Plaintiffs argue that fairness and comity favor severance and remand because Cotter delayed the naming of Mallinckrodt as a Third-Party Defendant, Mallinckrodt's bankruptcy will substantially delay this litigation,[4] and Mallinckrodt's federal defenses are essentially irrelevant to

---

[4] The parties dispute whether Mallinckrodt's bankruptcy constitutes an "exceptional circumstance" under 28 U.S.C. § 1367(c)(4). Because the Court has determined that an analysis of the *Gibbs* factors is necessary per 28 U.S.C. §

7

Plaintiffs' claims. The Court agrees that Mallinckrodt's bankruptcy is a significant factor in favor of severance and remand given Mallinckrodt's role in this case. As discussed above, Mallinckrodt's relevance to this dispute is entirely contingent on a finding that Cotter is liable to Plaintiffs. Severance and remand appropriately permits Plaintiffs' state law claims to proceed rather than be delayed by the bankruptcy of a potentially irrelevant Third-Party Defendant.

In *Crocker v. Borden, Inc.*, the third-party defendant properly removed a state court action pursuant to the federal contractor defense located at 28 U.S.C. § 1442. 852 F. Supp. 1322 (E.D. La. 1994). The court severed the claim against the third-party defendant and remanded the remaining claims, specifically noting that "[n]one of the approximately 3,000 plaintiffs in the captioned matter has sued [the third-party defendant] as a primary defendant." *Id.* at 1331. The court further recognized that the third-party petitioner "**will not be prejudiced** by the severance . . . as it would retain the right to pursue its third-party claim, if any such claim still existed" after disposition of the plaintiffs' primary case. *Id.* (emphasis in original).[5] In *Crocker* and this case, "federal jurisdiction is [potentially] present for reasons wholly unrelated to the merits of any claim, and vast majority of the claims are based on state law and between non-federal actors." *Brown v. Kentucky Utils. Co.*, No. 3:15-CV-352 GNS, 2015 WL 6476096, at *2 (W.D. Ky. Oct. 26, 2015) (citation omitted). Considerations of comity strongly favor severance and remand.

Cotter's primary argument is that severance and remand are "administratively impossible" because Cotter's potential liability under state law does not translate into liability for Mallinckrodt under the PAA. (Doc. 58 at 12). But this Court has already determined that the PAA does not apply

---

1367(c)(2), it need not decide whether § 1367(c)(4) is also triggered. The effect of the bankruptcy stay can certainly be considered among the *Gibbs* factors, however.

[5] These quotes were technically provided by the third-party defendant, but the court specifically endorsed the arguments as "ably described." *Crocker*, 852 F. Supp. at 1331.

8

to Plaintiffs' claims against Cotter. *Banks v. Cotter Corp.*, No. 4:18-CV-624 JAR, 2019 WL 1426259, at *5 (E.D. Mo. Mar. 29, 2019). This differentiates the case at hand from the ongoing case of *McGurk v. Mallinckrodt, Inc.*, No. 4:12-CV-00361 AGF (E.D. Mo.).[6] Throughout its briefing, Cotter attempts to re-argue this Court's prior decision and claim that circumstances have changed due to Mallinckrodt's presence in the case. (Doc. 58 at 16-18). Cotter cannot avoid severance and remand on the grounds that this is truly a PAA action given this Court's clear holding that the PAA does not preempt Plaintiffs' state law claims.

**Manipulation of the Forum**

Each party alleges that the other has manipulated the forum. Plaintiffs claim that Defendants have manipulated the forum by naming Mallinckrodt as a Third-Party Defendant late in the game in order to establish federal jurisdiction. (Doc. 48 at 12). Cotter alleges that Plaintiffs have manipulated the forum by changing their position in a manner that should trigger jurisdiction under the PAA. (Doc. 58 at 18). This court is not persuaded that either party has attempted to manipulate the forum in any dispositive sense. Cotter is within its rights to seek contribution from Mallinckrodt, and it is Mallinckrodt who removed this case to federal court. As discussed further below, Cotter has failed to allege any changes in the record since the initial remand which suggest manipulation by Plaintiffs.

This Court does consider the timing of Cotters' Third-Party Petition relevant, however. Cotter repeatedly alleges that Mallinckrodt is an indispensable party whose centrality to this dispute is obvious, yet Mallinckrodt was not brought into the case for over two years. The Court

---

[6] Cotter briefly states, without further explanation, that "this case should be consolidated with *McClurg*." (Doc. 58 at 13). Cotter does not appear to have filed any motion pursuant to Fed. R. Civ. P. 42(a). The Court reminds Cotter that, pursuant to E.D. Mo. L.R. 4.03, motions to consolidate should generally be filed in the first-filed case.

9

is influenced by the decision in *City of St. Louis v. Cernicek*, No. 4:00-CV-1895 (CEJ), 2001 WL 34134733 (E.D. Mo. Sept. 25, 2001). In *Cernicek*, the City of St. Louis sued various gun manufacturers seeking damages for firearm-related violence. The district court remanded after an initial removal premised on federal question jurisdiction. Certain defendants subsequently filed a third-party complaint seeking contribution from foreign-owned entities. As here, the third-party defendants removed to federal court. The district court struck the third-party complaint pursuant to Fed. R. Civ. P. 14(a), noting that defendants had joined the foreign entities "nearly one year after the case was initiated, and did so only after this Court remanded the case," and plaintiff had "been prejudiced by the timing of the third-party complaint." *Id.* at *4. Similarly, Plaintiffs are prejudiced by Cotter's delay in seeking contribution from Mallinckrodt.

Having carefully considered the *Gibbs* factors, this Court finds in its discretion that severance and remand is warranted. Plaintiffs bring state-law claims against Defendants; the only potential jurisdictional hook for this Court is a Third-Party Defendant's federal defense, a defense which is irrelevant if Plaintiffs cannot obtain judgment against Defendants. Given the proceedings which have already occurred in state court, Mallinckrodt's bankruptcy, and the nature of Cotter's claim against Mallinckrodt, considerations of judicial economy, fairness, convenience of the parties, and comity favor severance and remand. This case presents a quintessential example of when it is appropriate for a federal court to decline supplemental jurisdiction and permit a state court to interpret its own laws as applied to its own citizens.

C. <u>Severance and Joinder</u>

The parties have not separately briefed the issue of severance, but it is worth some distinct consideration. Fed. R. Civ. P. 21 generally authorizes severance of parties or claims "on such terms as are just." *See also* Fed. R. Civ. P. 14(a)(4) ("Any party may move to strike the third-party claim,

to sever it, or to try it separately."). "Questions of severance are addressed to the broad discretion of the court." *Chapman v. Hiland Partners GP Holdings*, No. 1:13-CV-052, 2014 WL 12836626, at *1 (D. N.D. Jan. 17, 2014) (citing 7 Wright, Miller & Kane, Federal Practice and Procedure § 1689 (3d ed. 2001)).

There is meaningful precedent for severing third-party claims seeking contribution. *See Oliver v. Campbell McCormick, Inc.*, No. CCB-16-1057, 2016 WL 3878492, at *3 (D. Md. July 18, 2016); *Turner Const. Co. v. Brian Trematore Plumbing & Heating, Inc.*, No. 07-666 (WHW), 2009 WL 3233533 (D. N.J. Oct. 5, 2009) (citing *Gaffney v. Riverboat Servs. of Indiana, Inc.*, 451 F.3d 424, 444 (7th Cir. 2006)) ("Claims for contribution and indemnification are severable from the underlying primary liability claims."). The Court is cognizant that it "may split claims arising from the same nucleus of operative facts," but "the Court should not split apart claims that are too closely interconnected when remanding part of a case to state court." *Lawler v. Miratek Corp.*, No. EP-09-CV-252-KC, 2010 WL 743925, at *7 (W.D. Tex. Mar. 2, 2010). As discussed above, Mallinckrodt only becomes a relevant party if Plaintiffs are able to succeed in their claims against Defendants. *See Hemme v. Bharti*, 183 S.W.3d 593, 598 (Mo. banc 2006) ("[Contribution] is really an anticipatory claim; that is, the claim by a defendant who is held liable to a plaintiff really is not ripe until the defendant has suffered a judgment."). This Court finds that the third-party claim for contribution against Mallinckrodt falls within a narrow band of claims that should be severed despite arising from a common nucleus of operative facts as Plaintiffs' state law claims.

Cotter argues, however, that this Court cannot sever the claims because Mallinckrodt is a necessary party to the litigation under Fed. R. Civ. P. 19. (Doc. 58 at 7-10). Cotter claims that Mallinckrodt has "an outsized role in the events" relevant to Plaintiffs' claims. (*Id.* at 9). Plaintiffs respond that Cotter has confused joinder with impleader, and Mallinckrodt was impleaded via Mo.

11

Sup. Ct. R. 52.11, not joined via Mo. Sup. Ct. R. 52.04. (Doc. 66 at 10). Plaintiffs argue in the alternative that "[i]n no event is Mallinckrodt an essential party as contemplated by Fed. R. Civ. P. 19." (*Id.* at 11). At least one court in this circuit has held that the discretion to sever parties pursuant to Rule 21 is "circumscribed . . . by Rule 19(b) because the court cannot proceed without indispensable parties." *Moubry v. Kreb*, 58 F. Supp. 2d 1041, 1048 (D. Minn. 1999). Whether a party is indispensable, however, is a "matter left to the district court's discretion." *Id.* (quoting *Navajo Tribe of Indians v. New Mexico*, 809 F.2d 1455, 1471 (10th Cir. 1987)).

Cotter cites multiple cases purporting to hold that joint tortfeasors are necessary parties. *See, e.g., Two Shields v. Wilkinson*, 790 F.3d 791 (8th Cir. 2015). But the court in *Two Shields* recognized the general principle that "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Id.* at 797 (quoting *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990)). The Advisory Committee Notes to the 1966 Amendments to Rule 19 specifically acknowledge "settled authorities holding that a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability."

For the same reasons severance is appropriate, this Court finds in its discretion that Mallinckrodt is not an indispensable party. The Court notes that over two years passed before Mallinckrodt was impleaded in state court and no Defendant appears to have filed a motion to dismiss in state court alleging failure to include a necessary party. Such inaction is inconsistent with Cotter's argument here that the case simply cannot proceed without Mallinckrodt's presence.

### D. PAA

Cotter finally argues that, despite this Court's previous remand, the PAA now provides for federal jurisdiction over the entire action. (Doc. 58 at 15-20). First, Cotter claims that Mallinckrodt's presence as a Third-Party Defendant means there is an applicable license and

12

indemnity agreement. Cotter also cites *Halbrook v. Mallinckrodt, LLC* for the proposition that Eighth Circuit precedent now confirms the application of the PAA to Plaintiffs' claims. 888 F.3d 971 (8th Cir. 2018). This Court has already explained, however, that the posture of the *McClurg* cases is fundamentally different because plaintiffs in *McClurg* brought their claims under the PAA and there was no challenge to jurisdiction. *Banks v. Cotter Corp.*, No. 4:18-CV-624 JAR, 2019 WL 1426259, at *5 n.1 (E.D. Mo. Mar. 29, 2019). A court in this district facing nearly identical circumstances to this case has found, moreover, that a third-party defendant cannot remove a case to federal court based on the PAA as an affirmative defense. *Strong v. Republic Servs., Inc.*, No. 4:18-CV-2043 JCH, 2019 WL 1436995, at *3 (E.D. Mo. Apr. 1, 2019) (citing *Hurt v. Dow Chemical Co.*, 963 F.2d 1142 (8th Cir. 1992)) ("An affirmative defense is not a claim or cause of action. It is well established that a defense of pre-emption, even if anticipated by the parties does not cause the claim to arise under federal law."). The necessary implication of this holding is that Mallinckrodt's PAA defense does not establish federal jurisdiction over Plaintiffs' state law claims.[7]

Second, Cotter argues that Plaintiffs have "changed their relevant position on radioactive materials" by referencing materials beyond mill tailings in their SAP and making broad discovery requests. (Doc. 58 at 18). It is clear, however, that Plaintiffs' current petition is not materially different from the petition this Court previously remanded. (Doc. 66 at 8-9). Cotter cites no precedent, moreover, for the proposition that discovery requests alone constitute a sufficient change in the record justifying another attempt at removal. Neither the Third-Party Petition against

---

[7] Cotter argues that *Strong* "makes no difference" because Mallinckrodt has removed under 28 U.S.C. § 1442 as well. Cotter is correct to note the distinction, but Plaintiffs do not rely on *Strong* in order to challenge Mallinckrodt's removal. Instead, the relevance of *Strong* is that it demonstrates that Mallinckrodt's PAA defense does not provide this Court with original jurisdiction over the entire case.

Mallinckrodt nor the alleged changes to Plaintiffs' position merit reconsideration of this Court's prior remand.

## III.   CONCLUSION

The Plaintiffs in this case are Missouri citizens and property owners who seek damages and injunctive relief under Missouri law based on events which took place entirely in Missouri. (Doc. 1-6). After an earlier remand, Cotter's Third-Party Petition seeking contribution against Mallinckrodt, who has a potential federal defense under the PAA and 28 U.S.C. § 1442, provides the only potential avenue for federal jurisdiction in this case. Mallinckrodt's federal defense is only relevant, however, in the event that Plaintiffs succeed in their claims against Cotter. While the claim against Mallinckrodt stems from a common nucleus of operative fact as Plaintiffs' state law claims, the state law claims substantially predominate, and the *Gibbs* factors favor severance and remand. Mallinckrodt is not an indispensable party to the litigation, and its presence as Third-Party Defendant does not change this Court's prior determination that there is no federal jurisdiction under the PAA.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Sever and Remand All Non-Third-Party Claims (Doc. 47) is **GRANTED**. Cotter's claim for contribution against Mallinckrodt in its Third-Party Petition (Doc. 1-7 at ¶¶ 68-75) is hereby **SEVERED**, and all other claims in this case are **REMANDED** back to the Circuit Court of St. Louis County for further proceedings. [As requested by Cotter, the Court will wait 30 days before ordering the Clerk of Court to transmit the order to state court so that any party may exercise its right to appeal].

14

**IT IS FURTHER ORDERED** that the Landfill Defendants' Motion to Dismiss Cotter's Third-Party Petition (Doc. 21) is **DENIED as moot.**

Dated this 22nd day of December, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

15