IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TAMIA BANKS, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>COTTER CORPORATION (N.S.L.), et al.,<br><br>   Defendants.<br><br>COTTER CORPORATION (N.S.L.),<br><br>   Third-Party Plaintiff,<br><br>v.<br><br>MALLINCKRODT LLC, et al.,<br><br>   Third-Party Defendants. | Case No. 4:20-cv-01227 |

## NOTICE OF APPEAL

Defendant and Third-Party Plaintiff Cotter Corporation (N.S.L.) ("Cotter") hereby gives notice of appeal to the United States Court of Appeals for the Eighth Circuit from the Honorable John A. Ross's Memorandum and Order (ECF No. 71) entered in this action on December 22, 2020, declining to exercise supplemental jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1367(c).

The statutory basis for this appeal as of right is 28 U.S.C. §§ 1291, 1367, and 1442. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 637–38 (2009) (remand order reviewable after district court declines to exercise supplemental jurisdiction under § 1367(c)); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712–14 (1996) (abstention decision reviewable under § 1291

and collateral order doctrine); *Gaming Corp. of Am. v. Dorsey & Whitney*, 88 F.3d 536, 541–42 (8th Cir. 1996) (remand order reviewable after declining to exercise supplemental jurisdiction under § 1367(c)).[1]

The District Court's December 22, 2020 Memorandum and Order expressly stayed remand so that any party may exercise its right to appeal, which includes all subsidiary orders. ECF No. 71 at 14.  These subsidiary orders include the District Court's March 29, 2019 Memorandum and Order declining to exercise its original jurisdiction over Plaintiffs' claims under the Price-Anderson Act, *id.* at 12–13; *Banks v. Cotter Corp.*, No. 4:18-CV-624 JAR, 2019 WL 1426259, at *1 (E.D. Mo. Mar. 29, 2019), which was clear error.  *Halbrook v. Mallinckrodt, LLC*, 888 F.3d 971, 972 (8th Cir. 2018) (applying Price-Anderson Act to claims against Cotter and Mallinckrodt and holding "Congress spoke clearly when stating such 'action shall be deemed to be an action arising under' federal law"); *see also Cotroneo v. Shaw Env't & Infrastructure, Inc.*, 639 F.3d 186, 195 (5th Cir. 2011) (reversing district court that "believed the claims arose exclusively under state law, declined to exercise supplemental jurisdiction over them, and thus dismissed the claims without prejudice. Given that the claims actually arise under federal law by operation of the PAA [Price-Anderson Act], however, the district court had original, rather than supplemental, jurisdiction over them. As such, the district court could not decline to exercise that jurisdiction." (citations omitted)).

---

[1] *Jacks v. Meridian Res. Co., LLC*, 701 F.3d 1224, 1229 (8th Cir. 2012) appears to limit the Eighth Circuit's plenary review of appealed orders.  Because *Jacks* conflicts with other circuit precedent on the issue, *see, e.g.*, *Lu Junhong v. Boeing Co.*, 792 F.3d 805, 811–12 (7th Cir. 2015), the United States Supreme Court granted certiorari to resolve the conflict.  *BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 222 (2020).  Any decision on *Jacks* grounds should be held in abeyance pending the outcome of *BP P.L.C.*

Alternatively, in an abundance of caution, Cotter also seeks review of the District Court's order by way of petition for mandamus. *See Melahn v. Pennock Ins., Inc.*, 965 F.2d 1497, 1500 (8th Cir. 1992) (treating notice of appeal as petition for writ of mandamus and considering district court's decision to abstain from exercising jurisdiction); *In re Life Ins. Co. of N. Am.*, 857 F.2d 1190, 1193 (8th Cir. 1988) (considering mandamus petition related to erroneous remand of nominally state-law claim that was completely preempted by federal law).

The December 22, 2020 Memorandum and Order and March 29, 2019 Memorandum and Order are attached as Exhibits 1 and 2, respectively.

Dated: January 21, 2021　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　 */s/ Brian O. Watson*
　　　　　　　　　　　　　　　　　　RILEY SAFER HOLMES & CANCILA LLP
　　　　　　　　　　　　　　　　　　Brian O. Watson, #68678MO
　　　　　　　　　　　　　　　　　　Lauren E. Jaffe, #6316795IL
　　　　　　　　　　　　　　　　　　Jennifer Steeve, #308082CA
　　　　　　　　　　　　　　　　　　70 W. Madison St., Suite 2900
　　　　　　　　　　　　　　　　　　Chicago, Illinois 60602
　　　　　　　　　　　　　　　　　　(312) 471-8700 (main)
　　　　　　　　　　　　　　　　　　(312) 471-8701 (fax)
　　　　　　　　　　　　　　　　　　bwatson@rshc-law.com
　　　　　　　　　　　　　　　　　　ljaffe@rshc-law.com
　　　　　　　　　　　　　　　　　　jsteeve@rshc-law.com
　　　　　　　　　　　　　　　　　　docketdept@rshc-law.com

　　　　　　　　　　　　　　　　　　SWANSON, MARTIN & BELL, LLP
　　　　　　　　　　　　　　　　　　Marcie J. Vantine, #56860MO
　　　　　　　　　　　　　　　　　　mvantine@smbtrials.com
　　　　　　　　　　　　　　　　　　One Bank of America Plaza
　　　　　　　　　　　　　　　　　　800 Market Street, Suite 2100
　　　　　　　　　　　　　　　　　　St. Louis, MO 63101
　　　　　　　　　　　　　　　　　　314.242.0903 (telephone)
　　　　　　　　　　　　　　　　　　314.242.0990 (facsimile)

　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR DEFENDANT/**
　　　　　　　　　　　　　　　　　　**THIRD-PARTY PLAINTIFF**
　　　　　　　　　　　　　　　　　　**COTTER CORPORATION (N.S.L.)**

## **CERTIFICATE OF SERVICE**

I certify that on January 21, 2021, these papers were filed through the Eastern District of Missouri Court's CM/ECF system, which will automatically serve an electronic copy upon all counsel of record.

Respectfully submitted,

RILEY SAFER HOLMES & CANCILA LLP

By: */s/ Brian O. Watson*
Brian O. Watson, #68678MO
Jennifer Steeve, #308082CA
Lauren E. Jaffe, #6316795IL
70 W. Madison St., Suite 2900
Chicago, Illinois 60602
(312) 471-8700
(312) 471-8701 - Fax
bwatson@rshc-law.com
jsteeve@rshc-law.com
ljaffe@rshc-law.com
docketdept@rshc-law.com
