IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TAMIA BANKS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COTTER CORPORATION (N.S.L.), et al.,<br><br>Defendants.<br><br>COTTER CORPORATION (N.S.L.),<br><br>Third-Party Plaintiff,<br><br>v.<br><br>MALLINCKRODT LLC, et al.,<br><br>Third-Party Defendants. | Case No. 4:20-cv-01227 |

**DEFENDANT AND THIRD-PARTY PLAINTIFF COTTER CORPORATION (N.S.L.)'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR AN EXTENSION OF STAY OF REMAND PENDING APPELLATE REVIEW**

Defendant and Third-Party Plaintiff Cotter Corporation (N.S.L.) ("Cotter") respectfully requests that this Court extend the time before ordering the Clerk of Court to transmit the remand order to state court under the December 22, 2020 Memorandum and Order (ECF No. 71) ("December 22 Order") until the Eighth Circuit decides Cotter's appeal as of right and petition for writ of mandamus.  In support of its motion, Cotter states as follows:

**BACKGROUND**

On December 22, 2020, this Court granted Plaintiffs' Motion to Sever and Remand All Non-Third-Party Claims, declining to exercise supplemental jurisdiction over Plaintiffs' claims

1

and the majority of Cotter's third-party claims, among other things. ECF No. 71, at 13–14. In reaching that decision, the Court also expressly granted Cotter's request for a 30-day stay between issuing the December 22 Order and directing the Clerk of Court to transmit the Order to the Circuit Court of St. Louis County, "so that any party may exercise its right to appeal." *Id.* at 14.

Cotter has thoroughly evaluated the December 22 Order and its appellate rights and has filed both a notice of appeal as of right under 28 U.S.C. §§ 1291, 1367, and 1442, and a petition for writ of mandamus out of an abundance of caution should the Eighth Circuit find there is no appeal as of right. *See* Cotter's Notice of Appeal, filed contemporaneously; Cotter's Petition for Writ of Mandamus, filed contemporaneously.

## LEGAL STANDARD

Courts consider four factors in ruling on motions to stay proceedings pending appellate review: "(1) the likelihood that a party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Beaton v. Rent-A- Ctr., Inc.*, No. 4-18-CV-00026 JAR, 2018 WL 3159864, at *1 (June 4, 2018) (citations omitted); *see also Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

No single factor governs this analysis. Rather, courts should "consider the relative strength of the four factors, balancing them all." *Beaton*, 2018 WL 3159864, at *1; *see also Brady*, 640 F.3d at 789. Thus, for example, "[c]lear evidence of irreparable injury should result in a less stringent requirement of certainty of victory." *Brady*, 640 F.3d at 789 (quotations omitted). In this case, all four factors favor staying remand pending appeal.

# ARGUMENT

## I. Cotter Will Suffer Irreparable Harm Absent A Temporary Stay Of Remand.

Absent a stay, Cotter will suffer irreparable harm by having to litigate simultaneously in state court, this District, and the Eighth Circuit. Courts in this District consistently recognize that multi-forum-litigation constitutes irreparable harm. *See Pudlowski v. The St. Louis Rams, LLC*, No. 4:15-CV-189 RLW, 2016 WL 3455375, at *1 (E.D. Mo. June 20, 2016) (staying order of remand because defendants "will suffer irreparable harm by having to litigate this case in both state court and the Eighth Circuit"); *Dalton v. Walgreen Co.*, No. 4:13 CV 603 RWS, 2013 WL 2367837, at *2 (E.D. Mo. May 29, 2013) (same); *Raskas v. Johnson & Johnson*, No. 4:12 CV 2174 JCH, 2013 WL 1818133, at *2 (E.D. Mo. Apr. 29, 2013) (same).

If the Court transmits its remand order, Cotter will be forced to litigate the same issues in multiple jurisdictions, under inconsistent laws, with different parties, and without government indemnity. Cotter must defend itself in state court against Plaintiffs' many state-law claims in this putative class action—untethered to the limits prescribed by Congress for nuclear incidents under the Price-Anderson Act—while both defending the same issues in the pending *McClurg* consolidation under the Price-Anderson Act, *see McClurg et al. v. Mallinckrodt, Inc. et al.*, No. 4:12-CV-00361-AGF (E.D. Mo.), and obtaining appellate review of the December 22 Order. *See Halbrook v. Mallinckrodt, LLC*, 888 F.3d 971, 972 (8th Cir. 2018) (affirming *McClurg*'s application of Price-Anderson to Cotter and holding "Congress spoke clearly when stating such action [under the Price-Anderson Act] shall be deemed to be an action arising under federal law"); *Cotroneo v. Shaw Env't & Infrastructure, Inc.*, 639 F.3d 186, 191 (5th Cir. 2011) (reversing district court that "believed the claims arose exclusively under state law, declined to exercise supplemental jurisdiction over them, and thus dismissed the claims without prejudice.

3

Given that the claims actually arise under federal law by operation of the PAA, however, the district court had original, rather than supplemental, jurisdiction over them. As such, the district court could not decline to exercise that jurisdiction.")

Additionally, Cotter will face irreparable legal prejudice if this Court remands to state court because the Court's December 22 Order on the Price-Anderson Act may bind the state court. *See In re Life Ins. Co. of North America*, 857 F.2d 1190, 1193 (8th Cir. 1988) (federal pronouncement on federal law may bind state court). Given the irreconcilable differences between state and federal law, Cotter may be foreclosed from defending itself against Plaintiffs' claims and allocating responsibility for Plaintiffs' alleged damages, some of which are not recoverable under the Price-Anderson Act—a problem that cannot be remedied by appeal. The only way to prevent this irreparable harm is a stay of remand by this Court pending appeal.

## II.     Plaintiffs Will Not Be Prejudiced By A Temporary Stay Of Remand.

The irreparable harm Cotter will suffer absent a stay stands in stark contrast to the lack of harm to Plaintiffs should this Court briefly stay the case until the Eighth Circuit completes its review. This factor rarely weighs against a stay of remand in a case—like this one—where Plaintiffs seek monetary damages and have no present physical injury. *See* Second Am. Pet. at 41-42, ECF No. 12 (requested relief); *compare Meyer ex rel. Coplin v. Fluor Corp.*, 220 S.W.3d 712, 718 (Mo. 2007) (medical monitoring only where no present physical injury under Missouri law), *with June v. Union Carbide Corp.*, 577 F.3d 1234, 1249–51 (10th Cir. 2009) (Price-Anderson Act bars medical monitoring claims). "There is no reason to think that the Eighth Circuit will not resolve [Cotter's] petition in a timely manner," and thus Plaintiffs will not be substantially obstructed from having their day in court. *IBEW Local 98 Pension Fund v. Best Buy Co.*, No. CIV. 11-429 DWF/FLN, 2014 WL 4540228, at *3 (D. Minn. Sept. 11, 2014).

4

### III. Cotter Has Identified Serious Legal Questions And Is Likely To Succeed.

The "likelihood of success" factor presents an inherent conflict for district courts. Cotter must persuade this Court to agree that the Eighth Circuit is likely to reverse the Court's *own decision*. "Clearly, any trial judge is reluctant to find a substantial likelihood exists that he or she will be reversed." *Sweeney v. Bond*, 519 F. Supp. 124, 132 (E.D. Mo. 1981), *aff'd*, 669 F.2d 542 (8th Cir. 1982). For this reason, courts instead analyze whether the appeal presents "serious legal questions." *Id.* (noting that several circuits "have adopted the approach that an injunction pending appeal is appropriate where serious legal questions are presented, and the balance of hardships tips sharply toward the moving party"); *see also Raskas*, 2013 WL 1818133, at *2 (recognizing that a court should "grant the motion for a stay if defendant raises questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation" (internal brackets and quotations omitted)). In *Sweeney*, for example, the court granted a stay after concluding that the appeal "present[s] substantial and novel questions which are fair ground for litigation," even though the court did "not doubt the correctness of its own findings." *Sweeney*, 519 F. Supp. at 132-33.

Cotter's appeal presents both serious legal questions and is likely to succeed on the merits of those questions. As noted in its petition for writ of mandamus and notice of appeal, this Court's application on the well-pleaded complaint rule in the December 22 Order contradicts directly on-point U.S. Supreme Court precedent. ECF No. 71 at 13 (citing *Hurt v. Dow Chem. Co.*, 963 F.2d 1142 (8th Cir. 1992)). The U.S. Supreme Court has expressly held that the Price-Anderson Act is an exception and not an affirmative defense under the well-pleaded complaint rule. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). As the U.S. Supreme Court held, "the Price-Anderson Act . . . not only gives federal courts jurisdiction over tort actions arising

5

out of nuclear accidents but also expressly provides for removal of such actions brought in state court even when they assert only state-law claims." *Id.*

Cotter also presents clear U.S. Supreme Court and federal appellate authority, as well as decisions in this District that the claims here "actually arise under federal law by operation of the PAA [Price-Anderson Act]," and thus this Court "had original, rather than supplemental, jurisdiction over them," and the Eighth Circuit is likely to reverse the December 22 Order. *Cotroneo*, 639 F.3d at 195; *see also Halbrook*, 888 F.3d at 972 ("Congress spoke clearly when stating such action [under the Price-Anderson Act] shall be deemed to be an action arising under federal law"); *Pinares v. United Tech. Corp.*, 973 F.3d 1254, 1261 (11th Cir. 2020) (holding that PAA "transforms into a federal action any public liability action arising out of or resulting from a nuclear incident"); *Fracasse v. People's United Bank*, 747 F.3d 141, 144 (2d Cir. 2014) (same); *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1009 (9th Cir. 2008) (same); *Kerr-McGee Corp. v. Farley*, 115 F.3d 1498, 1504 (10th Cir. 1997) (same); *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1549 (6th Cir. 1997) (same); *O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1100 (7th Cir. 1994) (same); *In re TMI Litig. Cases Consol. II*, 940 F.2d 832, 854 (3d Cir. 1991) (same).

Cotter has therefore identified serious legal questions and is likely to prevail given that the December 22 Order treated the Price-Anderson Act as an affirmative defense under the well-pleaded complaint rule and failed to apply original or "arising under" jurisdiction under U.S. Supreme Court and Eighth Circuit precedent. *Beneficial Nat'l Bank*, 539 U.S. at 6; *Halbrook*, 888 F.3d at 972; *Controneo*, 639 F.3d at 195.

### IV. The Public Interest Supports A Temporary Stay Of Remand.

Finally, a stay will conserve judicial resources and the parties' resources. If the Eighth Circuit reverses the December 22 Order, there will be no need for the state court to take any action with respect to this case. With their widespread putative class action, Plaintiffs have sought far-reaching merits and class discovery—with 87 requests to produce and 22 interrogatories to Cotter and Commonwealth Edison, as well as similar requests to other Defendants—including some that may be rendered unnecessary if the Eighth Circuit applies the Price-Anderson Act and reaffirms *Halbrook*. (*See, e.g.*, Pls.' Discovery Requests, Exs. F–K to ECF No. 59.) Thus, the parties may be spared considerable discovery expense if this Court stays remand pending appellate review.

### CONCLUSION

For these reasons, Cotter respectfully requests that this Court extend the time before ordering the Clerk of Court to transmit the remand order to state court under the December 22 Order until the Eighth Circuit decides Cotter's appeal as of right and petition for writ of mandamus.

Dated: January 21, 2021

Respectfully submitted,

 /s/ *Brian O. Watson*
RILEY SAFER HOLMES & CANCILA LLP
Brian O. Watson, #68678MO
Lauren E. Jaffe, #6316795IL
Jennifer Steeve, #308082CA
70 W. Madison St., Suite 2900
Chicago, Illinois 60602
(312) 471-8700 (main)
(312) 471-8701 (fax)
bwatson@rshc-law.com
ljaffe@rshc-law.com
jsteeve@rshc-law.com
docketdept@rshc-law.com

SWANSON, MARTIN & BELL, LLP
Marcie J. Vantine, #56860MO
mvantine@smbtrials.com
One Bank of America Plaza
800 Market Street, Suite 2100
St. Louis, MO 63101
314.242.0903 (telephone)
314.242.0990 (facsimile)

**ATTORNEYS FOR DEFENDANT/
THIRD-PARTY PLAINTIFF
COTTER CORPORATION (N.S.L.)**

**CERTIFICATE OF SERVICE**

I certify that on January 21, 2021, these papers were filed through the Eastern District of Missouri Court's CM/ECF system, which will automatically serve an electronic copy upon all counsel of record.

    Respectfully submitted,

    RILEY SAFER HOLMES & CANCILA LLP

    By: */s/ Brian O. Watson*
       Brian O. Watson, #68678MO
       Jennifer Steeve, #308082CA
       Lauren E. Jaffe, #6316795IL
       70 W. Madison St., Suite 2900
       Chicago, Illinois 60602
       (312) 471-8700
       (312) 471-8701 - Fax
       bwatson@rshc-law.com
       jsteeve@rshc-law.com
       ljaffe@rshc-law.com
       docketdept@rshc-law.com