**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| TAMIA BANKS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  Case No. 4:20-CV-01227-JAR |
| | ) |
| COTTER CORPORATION (N.S.L.), et al., | ) |
| | ) |
| Defendants. | ) |
| ——————————————————— | ) |
| | ) |
| COTTER CORPORATION (N.S.L.), | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MALLINCKRODT LLC, et al., | ) |
| | ) |
| Third-Party Defendants. | ) |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Defendant and Third-Party Plaintiff Cotter Corporation's ("Cotter") Motion for an Extension of Stay of Remand Pending Appellate Review. (Doc. 73).[1] The motion is fully briefed and ready for disposition.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Both factually and procedurally, this is a complex case. This Court has previously discussed the relevant underlying facts. (Doc. 71 at 2); *Banks v. Cotter Corp.*, No. 4:18-CV-00624 JAR, 2019 WL 1426259, at *1 (E.D. Mo. Mar. 29, 2019). To briefly synthesize, Plaintiffs allege that Defendants' conduct over several decades relating to the storage and transportation of

---

[1] Defendant Commonwealth Edison Company has moved to join Cotter's motion. (Doc. 75).

1

radioactive waste in connection with the Manhattan Project resulted in contamination of Plaintiffs' property. Plaintiffs initially filed suit in Missouri state court in 2018, but Defendants removed to this Court contending that federal question jurisdiction existed under the Price-Anderson Act ("PAA"). *Id.* at *2. On March 29, 2019, this Court remanded on the grounds that "a license or indemnity agreement is a prerequisite for federal subject matter jurisdiction pursuant to the PAA." *Id.* at *6.

On June 30, 2020, Cotter filed a Third-Party Petition seeking contribution from the Third-Party Defendants, including Mallinckrodt, LLC ("Mallinckrodt"). (Doc. 1-7). Mallinckrodt then filed a Notice of Removal claiming that this Court has jurisdiction under both the PAA and federal officer removal statute, 28 U.S.C. § 1442. (Doc. 1). To further complicate matters, Mallinckrodt promptly filed for bankruptcy, triggering an automatic stay in this case per 11 U.S.C. § 362. In response to Mallinckrodt's removal and bankruptcy, Plaintiffs filed a motion to sever and remand, requesting that this Court decline to exercise supplemental jurisdiction over the state law claims against Defendants. (Doc. 47).

On December 22, 2020, this Court granted Plaintiffs' motion, holding that the state law claims substantially predominate over any potential federal defense by Mallinckrodt and that the *Gibbs* factors favored severance and remand. (Doc. 71 at 14); *see United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). This Court severed Cotter's claim for contribution against Mallinckrodt while remanding all other claims to Missouri state court. Per Cotter's request, however, this Court indicated that it would wait 30 days before ordering the Clerk of Court to remand the case to allow Cotter an opportunity to file an appeal. (*Id.*). Cotter has filed an appeal and petition for writ of mandamus with the Eighth Circuit Court of Appeals (Docs. 72, 77) and now requests that this Court extend the stay of remand pending appellate review. (Doc. 73).

2

## II.    LEGAL STANDARD

Courts consider four factors when determining whether a stay pending appellate review is warranted: (1) the likelihood that the moving party will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Beaton v. Rent-A-Center, Inc.*, No. 4:18-CV-00026-JAR, 2018 WL 3159864, at \*1 (E.D. Mo. June 4, 2018). This Court must "consider the relative strength of the four factors, balancing them all." *Raskas v. Johnson & Johnson*, No. 4:12-CV-2307 CDP, 2013 WL 1818133, at \*2 (E.D. Mo. Apr. 29, 2013) (quoting *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011)).[2]

## III.   DISCUSSION

### (1) Likelihood of Success

Likelihood of success is generally considered the most important factor. *Brady*, 640 F.3d at 789. This Court agrees with Cotter that this factor presents an inherent conflict, since "any trial judge is reluctant to find a substantial likelihood exists that he or she will be reversed." *Sweeney*

---

[2] Under 28 U.S.C. § 1447(d), an order of remand to the State court from which a case was removed "is not reviewable on appeal or otherwise" except when the case "was removed pursuant to section 1442 or 1443." As a result, when a district court issues a remand order, "the district court is ordinarily divested of jurisdiction, allowing the state court to proceed with the case." *Dalton v. Walgreen Co.*, No. 4:13-CV-603 RWS, 2013 WL 2367837, at \*1 (E.D. Mo. May 29, 2013) (citing 28 U.S.C. § 1447(c)).

The Court believes it retains jurisdiction, however, for three reasons. First, Mallinckrodt's removal was partially pursuant to the federal officer removal statute, § 1442, which is an explicit exception under § 1447(d). Second, the Supreme Court has confirmed that § 1447(d) only precludes review of remand for lack of subject matter jurisdiction. *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 229-230 (2007); *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996). In its previous Memorandum and Order, this Court faced unique circumstances and carefully explained that it "presumes such jurisdiction [under § 1442] and assesses *whether the exercise of supplemental jurisdiction* over the state law claims is appropriate." (Doc. 71 at 4 n.3 (emphasis added)). The Supreme Court has clearly held that "[w]hen a district court remands claims to a state court after declining to exercise supplemental jurisdiction, the remand order is not based on a lack of subject matter jurisdiction." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 641 (2009). Third, this Court stayed the order of remand for 30 days, thereby formally retaining jurisdiction over the case.

3

*v. Bond*, 519 F. Supp. 124, 132 (E.D. Mo. 1981), *aff'd*, 669 F.2d 542 (8th Cir. 1982). Cotter cites *Sweeney* for the proposition that the appropriate test is instead whether the appeal presents "serious legal questions," but neglects to include the additional requirement that those questions be "matters of first impression." *Id.* The issues on appeal are not exactly matters of first impression, as Cotter itself suggests.

In both its March 2019 and December 2020 decisions, this Court carefully considered Cotter's arguments regarding the jurisdictional effect of the PAA, including when presented by a third-party defendant. *See Banks v. Cotter Corp.*, No. 4:18-CV-00624, 2019 WL 1426259, at *1 (E.D. Mo. Mar. 29, 2019); (Doc. 71 at 12-14). Another court in this district facing very similar factual and legal issues has similarly concluded that a third-party defendant's PAA defense does not establish original jurisdiction over the entire action in federal court. *Strong v. Republic Servs., Inc.*, No. 4:18-CV-2043 JCH, 2019 WL 1436995 (E.D. Mo. Apr. 1, 2019).

To the extent Cotter challenges this Court's decision not to exercise supplemental jurisdiction over the state law claims, success on the merits is unlikely because Cotter will be required to prove abuse of discretion. *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 743 (8th Cir. 2009); *see also Lundeen v. Canadian Pac. Ry. Co.*, No. Civ. 04-3220 RHK/AJB, 2005 WL 775742 (D. Minn. 2005) (denying motion for stay pending appeal of district court's decision not to exercise supplemental jurisdiction).[3] This Court conducted a rigorous analysis of the issues before making its decision, and "while it is always possible the Eight Circuit will disagree with

---

[3] Cotter argues in its reply that the Eighth Circuit will review this Court's decision *de novo*. (Doc. 85 at 11). While this Court cannot speak for the Eighth Circuit, this seems unlikely given this Court's clear indication that it presumed jurisdiction under 28 U.S.C. § 1442 but declined to exercise supplemental jurisdiction over the state law claims. Cotter's Notice of Appeal before this Court specifically identifies 28 U.S.C. § 1367 as one of its grounds for appeal. (Doc. 72 at 1). It remains unlikely that the Eighth Circuit can review this Court's March 2019 decision, which Cotter acknowledges was not reviewable on appeal under 28 U.S.C. § 1447(c). (Doc. 85 at 12).

the Court's conclusions," this Court cannot say that Cotter is likely to succeed on appeal. *Boswell v. Panera Bread Co.*, 4:14-CV-01833-AGF, 2015 WL 10662912, at *1 (E.D. Mo. Dec. 1, 2015).

### (2) Irreparable Harm

Cotter claims that it will "suffer irreparable harm by having to litigate in state court, this District, and the Eighth Circuit" simultaneously. (Doc. 74 at 3). Courts in this district have recognized this as a legitimate risk of irreparable harm. *See Raskas*, 2013 WL 1818133, at *2. The Court notes, however, that Cotter will not necessarily be required to litigate in both state court and this Court. The case before this Court remains stayed pursuant to Mallinckrodt's bankruptcy. Because Cotter's claim against Mallinckrodt is for contribution, moreover, it will only become ripe if Cotter suffers a judgment in state court. (Doc. 71 at 7). *See Hemme v. Bharti*, 183 S.W.3d 593, 598 (Mo. banc 2006).

Cotter's remaining arguments on this factor simply restate its case as to why this Court should have exercised jurisdiction (*i.e.*, to avoid potentially inconsistent judgments in state court) but do not establish irreparable harm. The Court acknowledges that Cotter has presented some risk of irreparable harm, though not to the extent Cotter alleges. *See Medtronic Sofamor Danek, Inc. v. Gannon*, No. 0:17-CV-00943 (SRN/FLN), 2017 WL 5135556, at *4 (D. Minn. Nov. 3, 2017) ("But cost, inefficiency, and inconvenience do not amount to the 'certain and great' harm that must justify a stay.") (quoting *Iowa Utils. Bd. v. FCC*, 109 F.3d 418, 425 (8th Cir. 1996)).

### (3) Harm to Others

Plaintiffs argue that granting the instant motion will unduly delay this case, which was filed in April 2018 and has already been twice removed and twice remanded. This harm is not particularly substantial, as this Court must assume that the Eighth Circuit will address Cotter's

appeal in a timely fashion. *See IBEW Local 98 Pension Fund v. Best Buy Co, Inc.*, Civ. No. 11-429 (DWF/FLN), 2014 WL 4540228, at *3 (D. Minn. Sept. 11, 2014) ("There is no reason to think that the Eighth Circuit will not resolve Defendant's petition in a timely manner."). *But see Smith v. Am. Bankers Ins. Co. of Florida*, No. 2:11-CV-02113, 2011 WL 6399526, at *2 (W.D. Ark. Dec. 21, 2011) (recognizing harm of delaying plaintiffs' opportunity to obtain relief); *Official Plan Comm. of Omniplex Commc'ns Grp., LLC v. Lucent Techs., Inc.*, 344 F. Supp. 2d 1194, 1202 (E.D. Mo. 2004) ("Further, the issuance of such a stay would cause an unnecessary time delay in the adjudication of this case.").

(4) <u>Public Interest</u>

Cotter argues that a stay of remand will serve the public interest by conserving resources. To the extent Cotter claims that a stay limits its own discovery obligations, this concern does not speak to the public interest. This Court recognizes the risk, however, that judicial resources may be expended in state court only for the Eighth Circuit to reverse this Court's decision. To the extent resources are expended participating in discovery, this Court would benefit from such discovery if the case returned to federal court. *See Lundeen*, 2005 WL 775742, at *3 (Concern that pretrial proceedings in state court may be wasted is "speculative and there is no indication that the fruits of these efforts cannot be used in federal court should the case return."). Because this Court finds that Cotter is unlikely to succeed on appeal and resources expended in state court will not necessarily be wasted, the public interest factor does not weigh heavily in this Court's balancing.

## IV.   CONCLUSION

Having carefully considered the four factors, this Court finds that a stay of remand pending appeal is not warranted. Cotter may suffer minimal harm having to litigate in multiple forums, and

there is certainly a risk that the Eighth Circuit will render further proceedings in state court moot by reversing this Court's decision. But these risks are inherent to any appeal of an order of remand. Because the Eighth Circuit is unlikely to find that this Court abused its discretion in declining to exercise supplemental jurisdiction over the state law claims or that Mallinckrodt's third-party defense establishes original jurisdiction over the entire action, these concerns are substantially mitigated. Given likelihood of success on appeal is the most important factor and Cotter has not identified any unique risk of irreparable harm absent a stay, this Court will deny the motion.

Accordingly,

**IT IS HEREBY ORDERED** that Commonwealth Edison Company's Motion to Join Cotter's Motion for Extension of Stay of Remand Pending Appellate Review (Doc. 75) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant and Third-Party Plaintiff Cotter's Motion for an Extension of Stay of Remand Pending Appellate Review (Doc. 73) is **DENIED**. The Clerk of Court is hereby directed to **SEVER** Cotter's Third-Party Petition against Mallinckrodt and **REMAND** all other claims in this case to state court.

Dated this 22nd day of February, 2021.

John A. Ross
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE