UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAMIA BANKS, *et al.*, on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| COTTER CORPORATION (N.S.L.), *et al.*, | )<br>) |
| Defendants. | )<br>)<br>) |
| -------------------------------------------------- | )    Case No. 4:20-CV-01227-JAR |
| COTTER CORPORATION (N.S.L.), | )<br>)<br>) |
| Third-Party Plaintiff, | )<br>) |
| v. | )<br>) |
| MALLINCKRODT LLC, | )<br>)<br>) |
| Third-Party Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' motions to stay. ECF Nos. 188, 190, 191, 192. They argue that a stay is appropriate while the Eighth Circuit considers an interlocutory appeal in a related case, *Mazzocchio v. Cotter Corp.*, No. 23-3709 (8th Cir. Dec. 18, 2023). Because the Court agrees, the motions will be granted.

## BACKGROUND

As the Court has previously remarked, this is a factually and procedurally complex case, and the Court will not recount its lengthy history here. ECF No. 87 at 1. In short, Plaintiffs are Missouri citizens who allege that Defendants contaminated their real property with radioactive waste. On July 18, 2023, Plaintiffs filed a Third Amended and Supplemental Class Action

Complaint alleging one count for a public liability action pursuant to the Price-Anderson Act, "PAA." ECF No. 147. That single count contains twelve subparts, each alleging different rules of decision governing the claim, such as Missouri Trespass or Nuisance law. *Id.* In August 2023, Defendants filed several motions to dismiss Plaintiff's Third Amended Complaint, arguing, among other things, that Plaintiff's claim fails because federal dosage regulations provide the exclusive standard of care in public liability actions under the PAA. *See* ECF Nos. 156, 158, 160, 161.

Less than a month after Defendants filed their motions, this Court considered and rejected Defendant's argument in another case based on the same nuclear contamination at issue here, *Mazzocchio v. Cotter Corp.*, No. 4:22-CV-292-MTS, 2023 WL 5831960 (E.D. Mo. Sept. 8, 2023). In that case, the plaintiffs likewise alleged a public liability action against Defendants for damages allegedly arising from exposure to radioactive materials, and Defendants likewise moved to dismiss, arguing that federal dosage regulations provide the exclusive standard of care in public liability actions. In his well-reasoned opinion, Judge Schelp denied Defendants' motions to dismiss, in part because the plain language of the PAA provides "the substantive rules for decision in such action shall be derived from the law of the State in which the nuclear incident occurs, unless such law is inconsistent with the provisions of such section." *Id.* at *8 (quoting 42 U.S.C. § 2014(hh)). However, Judge Schelp later granted Defendants' motions for Certification for Interlocutory Appeal, noting substantial grounds for difference of opinion on the standard of care governing public liability actions. *Mazzocchio v. Cotter Corp.*, No. 4:22-CV-292-MTS, 2023 WL 7181676 (E.D. Mo. Nov. 1, 2023). And on December 19, 2023, the Eighth Circuit granted the Defendants' petition for interlocutory appeal. *Mazzocchio v. Cotter Corp.*, No. 23-3709 (8th Cir. Dec. 19, 2023).

The day after the Eighth Circuit granted Defendants' petition, Defendant Cotter Corporation filed a "Notice of Supplemental Authority Regarding Pending Motions," stating that the parties were currently discussing a request for a stay in light of the interlocutory appeal. ECF No. 185. The parties did not follow up on their notice, so the Court ordered the parties to file a joint status report informing the Court whether they intended to request a stay.

On February 1, 2024, and February 2, 2024, Defendants filed four motions to stay. They argue that the question presented on appeal in *Mazzocchio* will directly answer a controlling question of law in this case: the standard of care to be used in Plaintiffs' public liability action. They argue that a brief stay is justified because (1) the Eighth Circuit's decision could result in termination of the matter, (2) a stay will save the Court from predicting how the Eighth Circuit will rule and from scheduling months of litigation under a standard of care that may change, (3) Plaintiffs will not be prejudiced because there has been no trial date or discovery schedule set in this case, and (4) the Eighth Circuit's decision could require the Court to revisit any decision it makes on Defendants' motions to dismiss.

On February 13, 2024, Plaintiffs opposed Defendants' motions. They argue that *Mazzocchio* and the present case are distinguishable because the *Mazzocchio* plaintiffs alleged bodily harm, while Plaintiffs here allege harm to property. They further claim that, even if federal dosage regulations provide the exclusive standard of care for public liability actions under the PAA, they have sufficiently alleged that Defendants emitted radioactive material in excess of federal dosage regulations. Finally, they argue that judicial resources expended will be minimal if the case is not stayed, and the potential prejudice to Plaintiffs is great because this case has been pending for more than six years.

**LEGAL STANDARD**

"A district court has inherent power to stay its proceedings." *Simmons v. GlaxoSmithKline, LLC*, No. 4:15CV1397 CDP, 2015 WL 6063926, at *1 (E.D. Mo. Oct. 14, 2015) (citation omitted). "In determining whether to stay proceedings, a district court must exercise judgment by weighing 'competing interests' and maintaining 'an even balance.' " *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  "[A] Court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties." *Lafoy v. Volkswagen Grp. of Am., Inc.*, No. 4:16CV00466, 2016 WL 2733161, at *2 (E.D. Mo. May 11, 2016) (citation omitted).

**DISCUSSION**

Judicial economy weighs heavily in favor of granting Defendants' motions.  Pending before the Court are Defendants' motions to dismiss based in part on the standards of liability governing Plaintiffs' public liability action, the very issue presented on appeal in *Mazzocchio*. Plaintiffs argue that they have adequately stated a public liability action claim even if federal dosage regulations provide the exclusive standard of liability, so the *Mazzocchio* appeal will not affect resolution of Defendants' motions.  But evaluating whether Plaintiffs have adequately stated a public liability action using federal dosage regulations as the standard of care will itself require expenditure of judicial resources, an expenditure that may ultimately prove unnecessary. And if Plaintiffs have not adequately stated a public liability action under federal standards of care, the Court must also consider whether the various standards of liability alleged in the Third Amended Complaint conflict with the PAA.  Moreover, should the Court deny Defendants' motions—either because Plaintiffs have stated a claim using federal dosage regulations or because they stated a claim under state law standards of liability—the case will proceed to

4

discovery. The Eighth Circuit's decision would "clarify the standard of care in conducting discovery and also would determine whether a party could adequately meet such standard of care." *Mazzocchio v. Cotter Corp.*, No. 4:22-CV-292-MTS, 2023 WL 7181676, at *3 (E.D. Mo. Nov. 1, 2023). A stay would accordingly conserve the Court's resources as well as the parties'.

This conservation of resources is not outweighed by any prejudice or hardship accruing to Plaintiffs. Plaintiffs underscore that this case has been pending for nearly six years, and they claim that their damages continue to increase every day. But a stay while the Eighth Circuit consider the *Mazzocchio* appeal will not result in a substantial delay. Because the appeal is interlocutory, the Court anticipates that the Eighth Circuit may resolve the appeal more quickly than might otherwise be expected. Moreover, without a stay, the Eighth Circuit's decision may lead to more significant delays should it require the Court to revisit any ruling on Defendants' motions.

In short, the standard of care or liability applicable to Plaintiffs' claim will affect resolution of Defendants' motions and any subsequent discovery. A stay while the Eighth Circuit considers that very issue is appropriate and will not substantially burden the parties. The Court therefore concludes that a stay is merited.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Stay [ECF Nos. 188, 190, 191, 192] are **GRANTED**, and this matter is **STAYED** pending the issuance of a decision by the Eighth Circuit in *Mazzocchio v. Cotter Corp.*, No. 23-3709 (8th Cir.). Until the stay is lifted, this case is administratively **CLOSED**.

**IT IS FURTHER ORDERED** that no later than **ninety (90) days** from the date of this Memorandum and Order the parties shall file a joint status report informing the Court of the status of the proceedings before the Eighth Circuit.

Dated this 13th day of March 2024.

                                               JOHN A. ROSS
                                               UNITED STATES DISTRICT JUDGE