UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TAMIA BANKS, *et al.*, on behalf of                )
herself and all others similarly situated,         )
                                                   )
    Plaintiffs,                                    )
                                                   )
    v.                                             )
                                                   )
COTTER CORPORATION (N.S.L.), *et al.*,             )
                                                   )
    Defendants.                                    )
                                                   )
---------------------------------------------------)   Case No. 4:20-cv-01227-JAR
                                                   )
COTTER CORPORATION (N.S.L.),                       )
                                                   )
    Third-Party Plaintiff,                         )
                                                   )
    v.                                             )
                                                   )
MALLINCKRODT LLC,                                  )
                                                   )
    Third-Party Defendant.                         )

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' motion to lift stay and set Rule 16 conference. ECF No. 210. Defendant Cotter Corporation filed its response (ECF No. 211), and Defendants Commonwealth Edison Company and Mallinckrodt LLC have joined and incorporated by reference Cotter's response (ECF Nos. 212 and 213). Plaintiffs filed their reply. ECF No. 214. On March 6, 2025, Cotter filed a notice of supplementary authority to which it attached a recent order from this Court in *Mazzocchio v. Cotter Corporation*, No. 4:22-cv-292-MTS (E.D. Mo. Mar. 5, 2025). For the reasons set forth below, the Court will deny the motion to lift the stay and will order the continued stay of this matter.

**Background**

On March 13, 2024, the Court stayed this case pending the resolution of the interlocutory appeal in *Mazzocchio*. ECF No. 206. *See also Mazzocchio v. Cotter Corp.*, No. 23-8008[1] (8th Cir. Dec. 19, 2023) (granting permission to raise interlocutory appeal). On October 30, 2024, the Eighth Circuit issued its opinion. *Mazzocchio v. Cotter Corp.*, 120 F.4th 565 (8th Cir. 2024). On December 18, 2024, the Eighth Circuit denied Defendants' motion for rehearing en banc, *Mazzocchio v. Cotter Corp.*, No. 23-3709, 2024 WL 5151074 (8th Cir. Dec. 18, 2024), and on December 30, 2024, the Eighth Circuit's mandate issued, *Mazzocchio*, No. 23-3709 (8th Cir. Dec. 30, 2024).

Plaintiffs now seek to lift the stay. Plaintiffs argue that the circumstances of this case have changed following the Eighth Circuit's decision in *Mazzocchio*, that the balance of the hardships now favor Plaintiffs, and that Defendants are unlikely to have their forthcoming petition for writ of certiorari granted by the United States Supreme Court. Plaintiffs contend that any continued stay will further prejudice Plaintiffs who have been attempting to litigate this matter for seven years and whose case has been subject to a stay for nearly a year specifically so the Eighth Circuit could decide similar and dispositive issues in the *Mazzocchio* litigation. According to Plaintiffs, the Eighth Circuit's resolution of the *Mazzocchio* matter in the plaintiffs' favor militates against continuing to stay this case.

Defendants disagree, arguing instead that the balance of the hardships continues to favor Defendants and that the Supreme Court is likely to grant their petition for writ of certiorari in *Mazzocchio*. Defendants contend that a stay in this matter will better preserve judicial resources

---

[1] The Case was later docketed with the Eighth Circuit as Case No. 23-3709. *Mazzocchio v. Cotter Corp.*, 23-3709 (8th Cir. Dec. 19, 2023).

2

because of the risk that the Court's decisions in this matter may need to be unwound in response to a future decision by the Supreme Court in *Mazzocchio*. Defendants also emphasize that a continued stay will preserve the resources of both Plaintiffs and Defendants who would otherwise risk engaging in unnecessary discovery. Defendants assert that the Supreme Court is likely to grant their petition for writ of certiorari in *Mazzocchio* because the Eighth Circuit's decision creates a circuit split and otherwise runs counter to previous Supreme Court precedent.

As mentioned above, Cotter also submitted a notice of supplemental authority to which they have attached a recent order from Judge Schelp where he continued the stay in the *Mazzocchio* matter pending the decision of the Supreme Court on the Defendants' forthcoming petition for writ of certiorari. ECF No. 215-1; *Mazzocchio v. Cotter Corp.*, No. 4:22-cv-292-MTS (E.D. Mo. Mar. 5, 2025).

**Legal Standard**

"A district court has inherent power to stay its proceedings." *Simmons v. GlaxoSmithKline, LLC*, No. 4:15-cv-1397-CDP, 2015 WL 6063926, at *1 (E.D. Mo. Oct. 14, 2015) (citation omitted). "In determining whether to stay proceedings, a district court must exercise judgment by weighing 'competing interests' and maintaining 'an even balance.'" *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). "[A] Court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties." *Lafoy v. Volkswagen Grp. of Am., Inc.*, No. 4:16-cv-466-ERW, 2016 WL 2733161, at *2 (E.D. Mo. May 11, 2016) (citation omitted). In instances where a petition for writ of certiorari is pending, "a proponent of a stay must persuade the Court that (1) there is a balance of hardships in their favor and (2) four Justices would likely vote to grant a writ of certiorari." *A.M. ex rel Deora v.*

3

*Bridgecrest Acceptance Corp.*, No. 4:20-cv-553-SEP, 2020 WL 3489280, at *3 (E.D. Mo. June 26, 2020) (internal quotation marks and citations omitted).

## Discussion

In its initial Order staying this case, the Court found that judicial economy weighed heavily in favor of Defendants because the precise issues at stake in the *Mazzocchio* appeal were at issue in Defendants' then-pending motions to dismiss. In the Court's estimation, the judiciary's resources would be preserved by allowing the Eighth Circuit to provide clarity regarding the standard of liability to be used in this Price-Anderson Act public liability action. The Court finds that judicial economy weighs in favor of a continued stay.

The Court further finds that an analysis of the hardships continues to weigh in favor of Defendants. Defendants have a significant interest in conserving their resources. The validity of some of Plaintiffs' claims may hinge on the Supreme Court's decision to grant certiorari in *Mazzocchio*. If this case proceeds to discovery on such claims, and the Supreme Court later reverses the Eighth Circuit's decision in *Mazzocchio*, the parties will have conducted extensive and unnecessary discovery at great cost. The Court sees no need to risk this outcome when the direction of this case may be made clear in a matter of months when the Supreme Court decides the Defendants' petition in *Mazzocchio*. And while the Court recognizes that a continued delay does affect Plaintiffs' interest in the prompt resolution of their claims, those interests do not currently outweigh the interests of judicial economy or the risk of the waste of resources.

Given the Eighth Circuit's express recognition that its decision in *Mazzocchio* is at odds with those of other circuit courts, the Court further finds that Defendants have sufficiently shown that the Supreme Court is likely to grant certiorari in *Mazzocchio*. Regardless of the limited number of petitions for writ of certiorari that the Supreme Court grants each year and the

4

Supreme Court's previous denial of certiorari in this very case,[2] the Court believes that the circuit split created by the *Mazzocchio* decision makes it likely that the Supreme Court will grant review. If Defendants timely file a petition for writ of certiorari in *Mazzocchio*, this case will remain stayed until the Supreme Court decides the petition. If the petition for writ of certiorari is granted, the stay will terminate after the Supreme Court decides the *Mazzocchio* case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motions to lift stay and schedule Rule 16 conference is **DENIED**. ECF No. 210. This matter remains **STAYED** pending the issuance of a decision by the Supreme Court of the United States on the petition for writ of certiorari Defendants intend to file in *Mazzocchio v. Cotter Corp.*, No. 23-3709 (8th Cir.). If the Supreme Court grants the petition for writ of certiorari, the Court's stay will continue until the Supreme Court issues its decision. Until the stay is lifted, this case is administratively **CLOSED**.

**IT IS FURTHER ORDERED** that no later than **180 days** from the date of this Memorandum and Order the parties shall file a joint status report informing the Court of the status of the Defendants' petition for writ of certiorari in *Mazzocchio*.

Dated this 13th day of March 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[2] *Banks v. Cotter Corp.*, 143 S. Ct. 422 (2022).